STATE *vs.* ARAM K. BERBERIAN.

JULY 3, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is a complaint and warrant charging the defendant with a traffic violation in the city of Providence. In the superior court he was found guilty by a justice thereof sitting without a jury. Thereafter the defendant duly prosecuted his bill of exceptions to this court.

The bill contains three exceptions. The first exception is to the ruling of the trial justice denying defendant's motion to quash the complaint and warrant, the second is to a ruling denying defendant's motion to strike out part of the evidence, and the third is to the decision finding defendant guilty as charged. In support of these exceptions defendant argues that parts of a certain statute, of an ordinance of the city of Providence, and of a particular traffic regulation of the bureau of police and fire are unconstitutional and void because they are contrary to specific provisions of the constitution of the United States and of the Rhode Island constitution.

It is, however, well settled that this court will not decide a constitutional question raised on the record when it is clear that the case before it can be decided on another point and that the determination of such question is not indispensably necessary for the disposition of the case. *State* v. *Goldberg*, 61 R. I. 461. Upon consideration of the record before us, we are of the opinion that the instant case can properly be decided without passing upon the constitutional questions above referred to.

The complaint and warrant under which defendant was arrested charged that at Providence he

> "Did refuse and fail to comply with an order or direction of a Police Officer in uniform in violation of Section 3 Chapter 57 of the Traffic Regulations of the City of Providence, on May 26, 1951.

To wit, by agreement of counsel:

> 1st count   failing to slow down on Elmwood Avenue when ordered to do so by a police officer
>
> 2nd count   failing to slow down on Elmwood Ave when ordered to do so by a police officer
>
> 3rd count—failing to go to the traffic division of the Police Station when ordered to do so by a police officer for purposes of investigation

against the ordinance of said City, and the peace and dignity of the State."

The warrant was returnable to the police court of the city of Providence, a court of very limited jurisdiction. From a conviction there he appealed to the superior court. Passing over without further comment the somewhat unusual manner in which the complaint was drawn, it becomes necessary to determine whether it properly charges defendant with a breach of any then-existing provision of law. The defendant raised such question in the superior court and contended that in the circumstances the complaint and warrant was invalid and did not charge him with any offense.

Pursuant to the powers allegedly granted under an enabling act, namely, public laws 1935, chapter 2275, sec. 8, the bureau of police and fire of the city of Providence in October 1940 promulgated certain traffic regulations. The complaint and warrant herein charged that defendant violated section 3 of chapter 57 of such regulations. That section reads as follows: "Obedience to Police. It shall be unlawful for any person to refuse or fail to comply with any order, signal, or direction of a police officer, either in uniform or displaying an official badge." Section 4 of chapter 671 of the ordinances of the city of Providence of 1928 contains language practically identical with that quoted

from section 3 of chapter 57 of the traffic regulations of the bureau of police and fire.

The motor vehicle code act, P. L. 1950, chap. 2595, which was duly enacted by the legislature, was approved April 25, 1950 and went into effect November 1 of that year. Article XXI, secs. 2 and 3 thereof read as follows: "Sec. 2. *Required obedience to traffic laws.*—It is unlawful and, unless otherwise declared in this act with respect to particular offenses, it is a misdemeanor for any person to do any act forbidden or fail to perform any act required in this act. Sec. 3. *Obedience to police officers.*—No person shall willfully fail or refuse to comply with any lawful order or direction of any police officer invested by law with authority to direct, control, or regulate traffic."

It is also provided in article XXXVII, section 1 (b) of the act that "Unless another penalty is provided by this act or by the laws of this state, every person convicted of a misdemeanor for the violation of any provision of this act shall be punished by a fine of not more than $500, or by imprisonment for not more than one year, or by both such fine and imprisonment." This provision therefore places the disposition of any offense under article XXI, section 3, of the act in the district court and not in the police court. Further, article XXI, section 7, is as follows: *"Provisions of act uniform throughout state.*—The provisions of this act shall be applicable and uniform throughout this state and in all political subdivisions and municipalities therein and no local authority shall enact or enforce any ordinance, rule, or regulation in conflict with the provisions of this act unless expressly authorized herein. Local authorities may, however, adopt additional traffic regulations which are not in conflict with the provisions of this act."

Undoubtedly the general object of section 3, chapter 57, of the traffic regulations of the bureau of police and fire and of section 3 of article XXI of the motor vehicle code act are similar. However, under section 7 of the code act as above quoted no local authority shall enact or enforce any ordi-

nance, rule, or regulation which is in conflict with the provisions of said act except under certain conditions not applicable herein. It becomes necessary therefore to compare the two above-mentioned sections numbered 3 in order to ascertain whether they are in any way conflicting because a city may not pass an ordinance inconsistent with a statute. *Nixon* v. *Malloy,* 52 R. I. 430.

After making such comparison it is our opinion that considering the two sections as a whole they are in several important respects sufficiently conflicting so that they come within the provisions of section 7 of article XXI above referred to. Among other differences it may be noted that section 3 of that article of the motor vehicle code act contains before the words "fail or refuse to comply" the word "willfully," which does not appear in section 3 of chapter 57 of the traffic regulations of the Providence bureau of police and fire. In other words, a question of *willfullness* on the part of an alleged violator of the section has been introduced into the provision in the motor vehicle code act. Such issue of knowingly and willfully disobeying is entirely absent in the traffic regulation. Moreover, the traffic regulation contains no limiting adjective before the words "order, signal, or direction," whereas the term "lawful" appears before the words "order or direction" as set out in the code act in question.

Because of such conflict and also because of the provisions of section 7 of article XXI of the act, it is our opinion that section 3 of that article of the statute is paramount to section 3 of chapter 57 of the traffic regulations. In the circumstances it is our opinion that section 3 of chapter 57 of the traffic regulations of the bureau of police and fire was not operative after the motor vehicle code act went into effect November 1, 1950. It follows therefore that the defendant in the present case, who was charged in the complaint and warrant with a violation of section 3 of chapter 57 of the traffic regulations of the bureau of police and fire, was charged with an alleged offense which at that

time did not exist under the law. In our opinion the defendant's motion to quash the complaint and warrant should have been granted.

The defendant's first exception is sustained, and the case is remitted to the superior court with direction that an order be entered quashing the complaint and warrant and discharging the defendant.

*William E. Powers,* Atty. Gen., *Arthur W. Costantino,* Special Counsel.

*Aram K. Berberian, pro se.*