PETER PALOMBO *vs.* HOUSING BOARD OF REVIEW OF THE CITY OF PROVIDENCE.

APRIL 13, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J.   This is a petition for certiorari to review two decisions of the housing board of review of the city of Providence denying the petitioner's appeals from two compliance orders of the director of the division of minimum housing standards which he issued pursuant to the provisions of chapter 1040 of the ordinances of said city, otherwise known as the Minimum-Standards Housing Ordinance.

The petitioner is the owner of certain houses situated at No. 263 and Nos. 262-264 Cranston street.   On April 5 and June 9, 1960 the director notified him in writing of specific violations of the ordinance in each house.   Upon petitioner's failure to correct them the director served him with a compliance order on June 23 as to No. 263 and on August 25 as to Nos. 262-264, in accordance with sections 3.3 and 3.4 of the ordinance.   The petitioner appealed from each order, and both appeals were heard together by the board of review on October 5, 1960.

At that hearing members of the board sought to question petitioner as to his awareness of the specific violations which were found by the director, but he refused to answer on the ground that it was the director's duty first to present evidence in proof of such violations before he, petitioner, could be required to present his defense.   Several members disagreed with such view and stated that he should not have appealed to the board if that was to be his attitude.   He was further told that he was not before a court of law, that the director did not have to prove anything, and that the board having examined the premises in question had "all the proof in front of us * * *."

The petitioner nevertheless insisted that it was incumbent upon the director to prove the alleged violations.   In support of his contention he called the board's attention to section 5.14 of the ordinance which provides that "All

hearings of the Housing Board of Review shall be 'de novo.'" Notwithstanding such contention the board adhered to their position that petitioner should respond to their interrogations, and since he persisted in his refusal to do so they concluded the hearing and thereafter rendered their decisions denying the appeals.

In his petition he has assigned twelve grounds for quashing such decisions but at the hearing before us he has briefed and argued only two, consequently the others are deemed to be waived. His first ground is that the decisions were so arbitrary and unreasonable as to show a clear abuse of discretion and as to result in depriving him of his property without due process of law. In support of this ground he argues that the board did not accord him a hearing in conformity with the law and the basic rules of evidence and that their conduct in this regard was tantamount to a denial of due process guaranteed to him by the fourteenth amendment to the federal constitution.

On our view of the procedural provisions of the ordinance we cannot agree with such contention. Those provisions in our opinion are not intended to result in a final decision that the property owner is guilty of the violations found by the director and sustained by the board of review. On the contrary, their intended purpose is to give the property owner the benefit of an opportunity to excuse or justify if he can the state or condition of his property before he can be subjected to the penal or injunctive and abatement provisions of section 13.1 of the ordinance.

If the property owner avails himself of such opportunity and the board thereafter denies his appeal and approves the findings of violations made by the director, the property owner will not be concluded by the board's decision. Should he still persist in his view that he is not violating the ordinance and refuse to comply with the director's orders, he will have his day in court when and if the director seeks to enforce his orders by resort to the penal or the injunc-

tive and abatement provisions of section 13.1 of the ordinance. In either of those proceedings it will be incumbent upon the director to prove the alleged violations according to the basic rules of evidence for which petitioner is presently contending.

This provision for ultimate judicial determination of such violations is itself a guaranty of due process. If the ordinance sought to make the administrative determination final and conclusive there would be merit in petitioner's contention that the hearing accorded him by the board failed to meet the requirements of due process. While section 5.14 provides that "Proceedings of the Board shall be conclusive with respect to questions of fact," we do not construe that language to mean that it is the ultimate judge of the fact of violation of the ordinance. To construe that provision otherwise would deprive a property owner accused of violating the ordinance of his constitutional right to trial by jury if penal proceedings were brought against him.

However, since the ordinance is admittedly designed to suppress nuisances in housing and prevent the growth of slums in order to promote and protect the public health, safety and morals, it is clearly a proper exercise of the police power. In some circumstances it has been held by this court that the validity of such an ordinance is not dependent upon a provision therein for a hearing before action is taken to abate the alleged nuisance. *Harrington* v. *Board of Aldermen*, 20 R. I. 233. That case is decisive to the contrary of the point made by petitioner here that he is entitled to a hearing by the board according to law and the basic rules of evidence on the issue whether he is guilty of the violations of the ordinance alleged against him.

In *Harrington* a statute authorized the board of aldermen to require property owners to connect their property with the public sewer and to fill up any privy vault on such property. It further provided that if the owner neglected to do so the board could cause any vault to be filled up in

the interest of the public health. The statute did not provide for a hearing before such action could be taken.

On the question whether the right to notice and hearing was constitutionally necessary the court held that it was not. But it quoted the following statement from *Health Department* v. *Rector,* 145 N.Y. 32, 48: "Where property of an individual is to be condemned and abated as a nuisance it must be that somewhere between the institution of the proceedings and the final result the owner shall be heard in the courts upon that question, or else that he shall have an opportunity when calling upon those persons who destroyed his property to account for the same, to show that the alleged nuisance was not one in fact. No decision of a board of health, even if made on a hearing, can conclude the owner upon the question of nuisance."

On the basis of that view and a similar statement in *Miller* v. *Horton,* 152 Mass. 540, from which it also quoted, our court declared at page 248: "When the appellant [Harrington] is sued for the penalty she will have her day in court and a trial by jury if she desires, and proof will have to be adduced to show that she had an unauthorized privy vault upon her premises to obtain a recovery against her. So if an alleged privy vault upon her premises is filled up and destroyed under alleged authority * * * she can bring suit against the persons doing the act for the supposed trespass, and when they attempt to justify under the statute she will have her day in court and a trial by jury if she desires, and the defendants will have to show that the alleged privy vault was actually a privy vault, and that it was unauthorized under the statute."

We think this aptly states the principle which is applicable to the case at bar. The petitioner here notwithstanding the denial of his appeals by the respondent board may still refuse to comply with the orders of the director, subject however to the institution of proceedings against him under section 13.1 of the ordinance. In the event of such

proceedings whether at law or in equity he will receive the full benefit of due process. Therefore his first ground upon which he predicates the instant petition is without merit and for the same reason his second ground need not be discussed.

The petition is denied and dismissed, the writ heretofore issued is quashed, and the papers in the case which have been certified to this court are ordered returned to the respondent with our decision endorsed thereon.

*DelSesto, Nutini & Palombo, Peter Palombo, Jr.,* for petitioner.

*William E. McCabe,* City Solicitor, *Harry Goldstein,* Assistant City Solicitor, for respondent.