214 A.2d 465.

STATE *vs.* ARAM K. BERBERIAN.

NOVEMBER 18, 1965.

PRESENT: Roberts, Paolino and Joslin, JJ.

PAOLINO, J. This is a complaint returnable to the police court of the city of Providence charging the defendant with operating an automobile upon the left half of a certain roadway in Providence, "against the statute, the ordinance of said City, and the peace and dignity of the State." After being adjudged guilty and sentenced to pay a fine of $3 and costs by the police court the defendant appealed to the superior court where he waived his right to trial by jury. The case was heard before a justice of that court on the defendant's plea in abatement and on the merits. The cause is before this court on defendant's exceptions to the ruling of the trial justice overruling the plea in abatement and to his decision finding the defendant guilty as charged.

The defendant's plea in abatement alleges in substance

that the ordinance which he is charged with violating is fully covered by G. L. 1956, §§31-15-1, 31-15-2, 31-15-5 and 31-15-6; that §45-6-6 specifically negates the authority of the city of Providence to pass ordinances upon matters covered by the state motor vehicle code; and that the ordinance is therefore invalid.

By agreement the superior court heard the plea in abatement and the case on the merits at the same time. The parties stipulated that the hearing on the merits would rest on an agreed statement of facts. The specific offense with which defendant is charged is embodied in certain traffic regulations of the city of Providence, namely, TR-WO-2907, which were introduced into evidence without objection by defendant. For convenience TR-WO-2907 is attached as an appendix. A diagram of the area in which the alleged offense occurred was also introduced in evidence without objection and defendant testified briefly in his own behalf by sketching on it the path of his automobile and that of the police officer at the time and place involved in this case.

The pertinent facts as they appear in the complaint and in the transcript are that on May 28, 1963, while driving in an easterly direction along Pocasset avenue, a two-way highway approximately 33 feet wide, defendant pulled out from a line of several vehicles, all pointed east, which were stopped at a red light at the intersection ahead; that he crossed the center of the highway, drove past the stopped vehicles, then pulled over to the right side of the highway, and stopped at the head of the line of traffic within the crosswalk at the intersection of Webster and Pocasset avenues; that a policeman in a police car came alongside defendant while he was stopped within the crosswalk; and that when the light turned green, he turned north (left) into Webster avenue and pulled over to the right-hand curb as directed by the officer. No traffic was approaching in the opposite direction and it is admitted that the right half

of the highway was not closed to traffic while under construction or repair; nor does it appear that the roadway in this area was designated and posted for one-way traffic.

Under his exception to the decision overruling the plea in abatement defendant contends that by virtue of §§31-15-1, 31-15-2, 31-15-5 and 31-15-6, the portions of the motor vehicle code act regulating certain rules of the road, the state has pre-empted the field of the mode of regulating vehicular traffic and local authorities have no right, therefore, to enact identical regulations. We shall assume, without deciding, that a plea in abatement is a proper plea to raise the instant issue. We hold that this exception is without merit.

Before reaching the question of pre-emption, it may be helpful to point out that *State* v. *Berberian,* 80 R. I. 444, and *State* v. *Pascale,* 86 R. I. 182, are not germane to the issue before us here. In those cases local regulations were in conflict with state provisions. In the case at bar the local traffic regulations are exact duplications of specific state statutes prescribing rules of the road. There is no inconsistency between the pertinent provisions of the local traffic regulations and the statutory provisions.

Section 45-6-6 provides as follows: "Offenses punishable by state law.—No ordinance or regulation whatsoever, made by a town council, shall impose or at any time be construed to continue to impose, any penalty for the commission or omission of any act punishable as a crime, misdemeanor or offense, by the statute law of the state."

This section applies to cities as well as to towns. See *Petition of Baxter,* 12 R. I. 13. But in our opinion §45-6-6, insofar as it relates to ordinances involving traffic regulations, has become inoperative by virtue of the motor vehicle code act.

The question whether there has been a pre-emption in a given field is always one of legislative intent. See *Wood*

v. *Peckham,* 80 R. I. 479, 483, where the court stated the rule in very clear and precise language as follows:

"It has been held that, where a state legislature has made provision for the regulation of conduct in a given situation and has provided punishment for the failure to comply therewith, it has shown its intention that the subject matter is fully covered by the statute and that a municipality under its general powers cannot regulate the same conduct or make the same act an offense also against a municipal ordinance. 37 Am. Jur., Municipal Corporations, §166, pp. 791, 794. It is necessary therefore to ascertain the legislative intent in order to determine whether in any particular instance, where a question is raised in circumstances such as appear here, the state control is to be exclusive or whether the control is to be exercised concurrently by the state and by the municipality."

A careful reading of the motor vehicle code act clearly indicates a legislative intent and policy to create uniformity in applying the rules and regulations pertaining to the operation of motor vehicles throughout the state. See Anno. 147 A.L.R. 522. Indeed §31-12-11, providing specifically for uniformity of application, reads as follows:

"The provisions of chapters 12 to 27, inclusive, of this title shall be applicable and uniform throughout this state and in all political subdivisions and municipalities therein and no local authority shall enact or enforce any ordinance, rule, or regulation *in conflict* with the provisions of said chapters unless expressly authorized herein. Local authorities may, however, adopt additional traffic regulations which are not in conflict with the provisions of said chapters." (italics ours)

There is nothing in the language of §31-12-12 indicating a legislative intent to prohibit the enactment of local regulations which do not conflict with the motor vehicle code act. See *State* v. *Berberian* and *State* v. *Pascale,* both *supra.* Moreover the legislature also expressly authorized local

authorities by §31-12-12 to adopt "such other traffic regulations as are specifically authorized by chapters 12 to 27, inclusive, of this title." Public laws 1948, chap. 2067, a special act authorizing the city council of Providence to establish a traffic engineering department, is another guidepost indicating a lack of legislative intent to pre-empt this field. By sec. 3 (c) of that act the traffic engineer may be vested by the city council with authority, insofar as is pertinent here, to:

> "establish rules and regulations governing the use of public highways within the limits established by state law and section 2 of this act, including, but not to the exclusion of other regulatory powers conferred, the installation of traffic control devices; designation of throughways and stop streets; of curb parking zones, and the manner of their use, including areas for the installation of parking meters, designation of public carrier stands and stops; curb loading zones; crosswalks, safety zones; and streets at which drivers shall not make right or left turns."

We conclude that the state has not pre-empted this area of traffic regulation and we find no conflict between the local regulations and any section of the motor vehicle code act. Indeed the legislature has expressly authorized the enactment of the regulations upon which the instant complaint is predicated. Section 45-6-6 is not applicable here.

We come now to defendant's exception to the decision finding him guilty as charged. We note again that the complaint charges him with operating an automobile upon the left half of a roadway in violation of the local traffic regulations. On this record we find no error in the decision of the trial justice finding the defendant guilty as charged.

The defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

## APPENDIX

CITY OF PROVIDENCE - RHODE ISLAND
Walter H. Reynolds, Mayor
TRAFFIC ENGINEERING DEPARTMENT

ROGER T. CHANDLER                    147 Fountain Street
Traffic Engineer                      Providence 3, R. I.
JOHN I. LOGAN
Assistant Traffic Engineer

October 11, 1961

TR-WO-2907
10/11
Commissioner Francis Lennon
Department of Public Safety
209 Fountain Street
Providence, Rhode Island

Dear Commissioner Lennon:

In order to define more clearly the rules of the road which concern the proper manner of the use of the streets of Providence, the following traffic regulations are hereby established:

1. *Right Half of Road* — Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway except as follows:

a) When overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement;

b) When the right half of a roadway is closed to traffic while under construction or repair; or

c) Upon a roadway designated and signposted for one (1) way traffic. (Reference—State Motor Vehicle Code — 31-15-1)

2. *Streets Laned for Traffic* — Whenever any roadway has been divided into clearly marked lanes for traffic, drivers of vehicles shall obey the following regulations:

a) A vehicle shall be driven in the driving lane nearest the right-hand edge or curb of the roadway when said lane is available for travel, except when overtaking another vehicle or in preparation for a left turn.

b) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety. (Reference — State Motor Vehicle Code — 31-15-11a)

c) Drivers of vehicles shall not drive to the left of a double solid center line pavement marking.

3. *Passing of Vehicles Proceeding in Opposite Directions* — Drivers of vehicles proceeding in opposite directions shall pass each other to the right; and upon roadways having width for not more than one (1) line of traffic in each direction, each driver shall give to the other at least one half of the main traveled portion of the roadway as nearly as possible. (Reference — State Motor Vehicle Code — 31-15-3)

4. *Passing of Vehicles Proceeding in the Same Direction* — The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance and shall not again drive to the right side of the highway until safely clear of the overtaken vehicle, provided that:

a) When vehicles on the roadway are moving in two or more substantially continuous lines, the vehicles in one such line may pass either on the right or the left, provided conditions permit such passing movement to be completed safely, and provided such passing movement can be made by using only the regular driving lanes, and without driving off the pavement, or by using the breakdown lane; also,

b) The driver of the overtaking vehicle may pass upon the right of another vehicle when the overtaken vehicle or vehicles are making or about to make a left turn;

c) No vehicle shall be driven to the left side of the center of the roadway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle over-

taken. In every event the overtaking vehicle must return to the right-hand side of the roadway before coming within one hundred (100) feet of any vehicle approaching from the opposite direction. (Reference — State Motor Vehicle Code — 31-15-6)

5. *Places Where Overtaking Prohibited*

a) No vehicle shall at any time be driven to the left side of the roadway under the following conditions:

1) When approaching the crest of a grade or upon a curve in the highway where the driver's view is obstructed within such distance as to create a hazard in the event another vehicle might approach from the opposite direction;

2) When approaching within one hundred (100) feet of or traversing any intersection or railroad grade crossing;

3) When the view is obstructed upon approaching within one hundred (100) feet of any bridge, viaduct or tunnel.

b) The foregoing limitations shall not apply upon a one (1) way roadway. (Reference — State Motor Vehicle Code—31-15-7)

Very truly yours,

[s] Roger T. Chandler
Roger T. Chandler
*Traffic Engineer*

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Counsel for State.

*Aram K. Berberian,* pro se, defendant.