315 A.2d 747.

ARAM K. BERBERIAN *vs.* HOUSING AUTHORITY OF THE
CITY OF CRANSTON.

MARCH 8, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

ROBERTS, C. J. This is a petition for certiorari to review a decision of the Minimum Housing Board of Review of the City of Cranston denying the petitioner's appeal from a compliance order issued by the Director of the Division of Minimum Housing Standards of the City of Cranston. The board of review denied the appeal on March 16, 1972, and upheld the decision of the director. The petitioner then filed this petition for a writ of certiorari, which writ issued, and the record of the case has been certified to this court.

It appears from the record that on August 23, 1971, petitioner was issued a violation notice by the Division of Minimum Housing Standards of the City of Cranston, which stated that the exterior of petitioner's dwelling house in that city was in need of painting and granted petitioner until October 22, 1971, to comply with the terms of that violation notice. The record further shows that petitioner, pursuant to The Code of the City of Cranston, Rhode Island, article III, sec. 14-22, requested and was granted a hearing before the Director of the Division of Minimum Housing Standards of the City of Cranston, at which hearing the director upheld the violation notice and issued the above-mentioned compliance order. As noted above, petitioner appealed this compliance order to the Minimum Housing Board of Review, which upheld the compliance order.

The first contention of petitioner is that requiring an owner to paint or repaint a dwelling house does not constitute a valid exercise of the police power of the state. We are confronted, then, with whether the state, in delegating to the municipal legislature of the city of Cranston authority to enact a minimum standards housing ordinance, acted beyond the scope of the police power. The petitioner argues that the order to paint his house bears no reasonable relationship to the health, safety, morals and general

welfare of the public and thus is beyond the police power purported to be delegated to the city of Cranston in order to permit the enactment of an ordinance controlling the same. We think petitioner has failed to sustain his contention.

The contested enactment, G. L. 1956 (1970 Reenactment) §45-24.2-1 (1), states a legislative finding that there exist in the various cities and towns of the state many dwellings which are substandard due to dilapidation, deterioration, disrepair, uncleanliness, and other conditions and defects; §45-24.2-1 (2) and (3) state "(2) that these conditions, singly or in combination, endanger the health, safety, morals and general welfare of the people of the various cities and towns and *give impetus to the development, continuation, extension and aggravation of blighted and substandard housing conditions;* and (3) it is hereby declared to be a matter of legislative determination that the establishment of minimum standards for dwellings is essential to the protection of the public health, safety, morals and general welfare." (Emphasis added.)

In our opinion, the enactment of legislation to prevent the development of blight and thereby prevent the creation of slums is well within the police power of the state. Accordingly, the city of Cranston may properly require petitioner to paint his home and thus prevent the blighting of a residential area by a dilapidated, peeling house.

In *Palombo v. Housing Board of Review,* 92 R.I. 421, 424, 169 A.2d 613, 615 (1961), we held that the delegation of authority to establish a Minimum-Standards Housing Ordinance by the city of Providence was a legitimate exercise of the police power "* * * since the ordinance is admittedly designed to suppress nuisances in housing and prevent the growth of slums in order to promote and protect the public health, safety and morals * * *." We are unable to agree that the state, in delegating the authority

contained in §45-24.2-1, was acting in excess of the police power of the state.

The petitioner further contends that The Code of the City of Cranston, Rhode Island, article X, sec. 14-71, is invalid because it goes beyond the scope of the authority delegated to municipalities pursuant to the enabling legislation, G. L. 1956 (1970 Reenactment) §§45-24.2-1 and 45-24.2-3. As has been stated, one of the purposes of §45-24.2-1 is to prevent blight. Section 45-24.2-3 states that city or town councils have the power to enact ordinances to establish minimum standards for dwellings: "Without limiting the generality of the foregoing, such ordinance, rules and regulations may include * * * (3) Minimum standards relating to the healthful, safe and sanitary maintenance of parts of dwelling and dwelling units including, but not limited to, provisions relating to weathertight, watertight and rodent proof foundations, floors, walls, ceilings, roofs, windows and doors, condition and repair of stairs and porches, condition of plumbing fixtures, imperviousness of floor surfaces to water and functioning of supplied facilities, pieces of equipment, and utilities." It cannot be seriously contended that this enabling act did not delegate the power to Cranston to provide in sec. 14-71 (b): "All exposed surfaces which have been adversely affected by exposure or other causes shall be repaired and coated, treated or sealed so as to protect them from serious deterioration."

The petitioner contends lastly that ch. 24.3 of title 45 preempted the field of painting and repainting, and consequently the legislation by the city council on the same subject matter is inoperative and void. In support of his argument he relies on *State* v. *Berberian*, 80 R.I. 444, 98 A.2d 270 (1953). We agree that in that case the court followed the general rule that a municipality may not enact an ordinance which, from the nature of its content,

is inconsistent with a state statute relating to the same subject matter. However, in the case of *State* v. *Berberian*, 100 R.I. 274, 214 A.2d 465 (1965), this court held that the question of whether a state has preempted the field as against municipalities is always a question of legislative intent. The petitioner in the present case has made no effort to persuade us that his argument is correct, and from our own examination of ch. 24.3 of title 45 we find no legislative intent to preempt the field.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the record in the case which has been certified to this court is ordered returned to the respondent with our decision endorsed thereon.

*Aram K. Berbeiran*, petitioner, pro se.

*Jeremiah S. Jeremiah, Jr.*, Assistant City Solicitor, for respondent.