The BIONOMIC CHURCH OF RHODE ISLAND

v.

Anthony J. RUSCETTA.

No. 78–448–Appeal.

Supreme Court of Rhode Island.

Jan. 21, 1981.

Aram K. Berberian, Warwick, for plaintiff.

John D. Biafore, Asst. City Sol., Cranston, for defendant.

## OPINION

MURRAY, Justice.

This is an appeal from an order of the Superior Court in favor of the defendant treasurer for the city of Cranston, finding

that the city did not violate the plaintiff's due process rights by ordering connection of its premises to the city's sewer system and assessing a lien therefor on the plaintiff's property, without prior notice or hearing concerning such order.

The facts were undisputed at the hearing of this matter before the trial justice. They are briefly as follows.

By letter of August 2, 1974, pursuant to § 26–9 (subsequently recodified as § 26–14) of the Cranston City Code (enacted in accordance with Pub.Laws 1939, ch. 750, § 18), the Cranston director of public works ordered the then owner of plaintiff's property, Aram K. Berberian, to connect his premises to the Cranston sewer system. When Mr. Berberian refused to comply with the order, the city itself contracted performance of the work and imposed a lien on Mr. Berberian's property in the amount of $1,266.25. Subsequently, plaintiff became owner of the subject property via mesne conveyance and paid the lien under protest.

On September 15, 1977, following the payment, plaintiff petitioned the Cranston City Council for reimbursement. The city council denied the claim. The plaintiff next filed a complaint against defendant in the District Court alleging that the ordinance operated to deny its rights of due process under the Fourteenth Amendment to the United States Constitution. The District Court ordered judgment for defendant. The plaintiff immediately appealed to the Superior Court where the matter was heard on November 21, 1978. The trial justice found in favor of defendant, stating that there had been no violation of plaintiff's due process rights. The trial justice specifically held that due process rights were made available to plaintiff by its compliance with the order in the form of payment of the lien and pursuit of the course of action plaintiff had followed in the Cranston City Council and the courts. We affirm the Superior Court's ruling.

The plaintiff reasserts its argument that the lack of notice and an opportunity to be heard prior to the city's order denied it due process.[1] It argues further that the discretionary nature of the city's statutory authorization to frame such orders requires that a preorder hearing should determine the necessity of a sewer connection.

 We do not find merit in plaintiff's arguments under the circumstances presented. It is by now axiomatic that " 'due process', unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances." *Joint Anti-Fascist Refugee Committee v. McGrath*, 341 U.S. 123, 162, 71 S.Ct. 624, 643, 95 L.Ed. 817, 849 (1951) (Frankfurter, J. concurring).

The essential inquiry in a case such as this is to determine what manner of process is due plaintiff and whether the procedure to which plaintiff was subjected was fair under the circumstances. See *id.* at 163, 71 S.Ct. at 644, 95 L.Ed. at 849. The Supreme Court has consistently held that " 'some kind of hearing is required at some time before a person is finally deprived of his property interests.' " *Memphis Light, Gas & Water Division v. Craft*, 436 U.S. 1, 16, 98 S.Ct. 1554, 1564, 56 L.Ed.2d 30, 43 (1978). Not all of these cases, however, have required a predeterminate hearing when a full and immediate posttaking hearing is available. *See Mitchell v. W. T. Grant Co.*, 416 U.S. 600, 611, 94 S.Ct. 1895, 1902, 40 L.Ed.2d 406, 416 (1974). Postponement of inquiry is not per se a denial of due process and is thus consistent with the notion that due process is flexible, requiring such procedural protections as the situation demands. *Id.; Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484, 494 (1972).

In *Palombo v. Housing Board of Review of Providence*, 92 R.I. 421, 169 A.2d 613 (1961), we said that provision for ultimate judicial determination of housing-code violations cited by the board was itself a guar-

---

1. The issue of plaintiff's standing is not before us. Since plaintiff paid the lien, we shall assume standing for purposes of this appeal only, and we make no ruling regarding whether that factor alone is sufficient to confer standing.

anty of due process, although the board proceeded without a full evidentiary hearing on the matter. *Id.* at 424, 169 A.2d at 614–15. The *Palombo* ordinance did not seek to make the board's determination absolutely conclusive. This court thus held the ordinance to be a proper exercise of the police power since it was designed to "suppress nuisances in housing and prevent the growth of slums in order to promote and protect the public health, safety and morals * * *." *Id.* at 424, 169 A.2d at 615.

The owner, at his option, could have refused compliance and waited for the institution of penal or injunctive proceedings against him. In that event he would have then received the full benefit of due process. *Id.* at 425–26, 169 A.2d at 615.

*Harrington v. Board of Aldermen of Providence*, 20 R.I. 233, 38 A. 1 (1897), was a case similar to the case at bar. There, the city of Providence passed an ordinance almost identical to the Cranston ordinance under attack here. As in *Palombo, supra,* it too did not provide for prior notice or hearing. In holding that neither was necessary, this court noted the availability to the appellant of a fully adversarial proceeding if the city were to sue her for failure to comply with its order to connect her premises to its sewer or if she were to sue the city for trespass and destruction of her privy vault. The *Harrington* court left no doubt that such directives concerning public works are well within the police power. *Harrington*, 20 R.I. at 239–42, 250, 38 A. at 2–4, 7.

■ The ordinance that plaintiff attacks in the case at bar similarly makes no provision for predeterminate notice and hearing. Orders to owners of property commanding connection of their premises to the sewer system are, as an initial matter, wholly dependent upon determination made *ex parte* by the Cranston public works director. Nevertheless we refuse to find this procedure constitutionally defective. The plaintiff has demonstrated to itself and to this court the adequacy of the procedure by pursuing a postorder remedy in the Cranston City Council and in the courts. The plaintiff has thus had its day in court, as

the trial justice found, to protest vigorously the order and the imposition of the lien. Had the order been truly improper, plaintiff's remedy at the very least might well have been the return of monies it paid and the expunging of the lien from all ownership and court records.

■ Finally, the alleged discretionary nature of the director's order does not of itself require a hearing prior to the rendering of such order to prevent possible abuses of that discretion. The Legislature, in Pub. Laws 1939, ch. 750, expressly granted to the city the right to construct and regulate its sewer system. The Legislature left the exercise of discretion to the city. The delegation by the Legislature and the city's subdelegation to the director of public works depend for their validity upon the existence of a standard for the exercise of discretion. There is a presumption that a statute or ordinance granting a particular power in fact provides such a standard. *Costello v. Ricci*, R.I., 401 A.2d 38 (1979) (imposition of use charge under sewer ordinance presumed reasonable). One who challenges the constitutionality of an ordinance must overcome the presumption of reasonable discretion. The plaintiff has simply failed to meet its burden, for there is nothing in the record which details either the discretionary nature of the director's order or the abuse of that discretion. Further, the plaintiff cannot be heard to argue that the existence of discretion makes the entire process per se abusive when postorder proceedings, such as were developed here, are available to the plaintiff.

For the foregoing reasons, the plaintiff's appeal is denied and dismissed, the order of the Superior Court is affirmed, and the papers are remanded to the Superior Court.