301 S.E.2d 601

**Sara D. RHODES**

v.

**MALDEN PUBLIC SERVICE DISTRICT, etc., et al.**

No. 15693.

Supreme Court of Appeals of West Virginia.

March 25, 1983.

Daniel F. Hedges, Charleston, for petitioner.

Theodore H. Ghiz, Charleston, for respondents.

McHUGH, Justice:

This original action in mandamus was filed by the petitioner, Sara D. Rhodes, in this Court on September 9, 1982. By order entered on October 14, 1982, this Court directed the respondents, Malden Public Service District and Margaret D. Miller, County Clerk of Kanawha County, West Virginia, to show cause why relief should not be awarded against them. In this action, the petitioner challenges the validity of a sewer lien filed by the Malden Public Service District against her property. This Court has before it the petition for a writ of mandamus and all other matters of record.

The petition asserts that in 1973 the petitioner purchased a home located at 123 Hill

Drive and a garage apartment located at 123½ Hill Drive. The home and garage apartment are in Kanawha County, West Virginia, and at the time of purchase were on separate septic tank systems. The petitioner's granddaughter, Sherry Clendenin, and Ms. Clendenin's young child lived in the garage apartment.

The Malden Public Service District is a public corporation which provided sewage utility service in the vicinity of petitioner's property at 123 and 123½ Hill Drive. By written agreement executed on April 21, 1978, the petitioner obtained from the Malden Public Service District sewage collection service with respect to her home at 123 Hill Drive. That agreement did not specifically mention the garage apartment located at 123½ Hill Drive.

During the period in question, the petitioner's home was connected by pipe to the sewage line of the Malden Public Service District. However, the garage apartment was never connected to the District's sewage line and remained upon a septic tank system.

The petition asserts that the Malden Public Service District assessed sewage service charges with respect to the garage apartment located at 123½ Hill Drive even though the garage apartment was never connected to the District's sewage line. The petition further asserts that, although the petitioner paid all of her bills relating to her home at 123 Hill Drive, a lien was recorded against her property by the District for delinquent sewage service charges relating to the garage apartment. That lien, recorded in Kanawha County, West Virginia, on September 23, 1981, was in the amount of $452.31. The lien referred to

property located at 123½ Hill Drive, Account No. 67816600. By letter dated May 28, 1982, from the Malden Public Service District, the petitioner was informed that Account No. 6781660 was delinquent in the amount of $928.52. That letter indicated that the above-described lien had been filed against the petitioner's property.

The petitioner asserts, *inter alia*, that as a result of her failure to receive various notices her right to due process of law was violated. Specifically, the petitioner asserts: (1) that the Malden Public Service District never notified the petitioner that she was required to connect the garage apartment to the district sewer facilities, (2) that the Malden Public Service District never informed the petitioner that she would have to pay for sewer services regardless of whether the sewer facilities were connected to the garage apartment and (3) that the petitioner received no notice that a lien was going to be recorded against her property by the Malden Public Service District. Those assertions are denied by the respondent Public Service District in its answer to the petition. The petitioner asks this Court to declare void the lien against her property and the underlying indebtedness for the delinquent sewer service charges.

This Court, after careful examination, has been unable to find a substantial number of case decisions nationwide with circumstances similar to those in the action before this Court, particularly with respect to the assertion of the petitioner that her right to due process of law was violated.[1] We do not, however, reach the due process issue in this action. As indicated below,

---

**1.** In *Bionomic Church of Rhode Island v. Ruscetta*, R.I., 424 A.2d 1063 (1981), the plaintiff asserted that his Fourteenth Amendment right to due process had been violated when the City of Cranston, Rhode Island, "without prior notice or hearing" to the plaintiff, ordered connection of the plaintiff's property to the city's sewer system and later assessed a lien against that property. In that action, a prior owner of the property was ordered by the Cranston Director of Public Works to connect the property to the sewer system. Upon the failure of the owner to comply with that order, the city contracted performance of the work and imposed a lien

against the property. The plaintiff became the owner of the property, paid the lien under protest and sought relief before the city council and in various courts.

The Supreme Court of Rhode Island in *Bionomic Church of Rhode Island* held that the plaintiff's right to due process had not been violated with respect to the imposition of the sewer lien. Important to the court's decision was the fact that the plaintiff had been able to challenge the city's order and imposition of the lien in post-order proceedings before the city council and in the courts.

this Court is of the opinion that certain statutory provisions are dispositive of the petitioner's request for mandamus relief.

At issue in this action are the provisions of *W. Va. Code*, 16–13A–9 [1965]. In effect during the period in question, *W. Va. Code*, 16–13A–9 [1965], provides, *inter alia*, public service districts with the power to require connection between public service district sewer facilities and certain houses, dwellings or buildings of property owners, tenants or occupants, and such owners, tenants or occupants have a duty under that statute to pay rates and charges for the district sewer facilities from and after the date of receipt of notice that such facilities were available.[2] Furthermore, *W. Va. Code*, 16–13A–9 [1965], provides for the imposition of a lien in the event charges for district sewer services become delinquent. As *W. Va. Code*, 16–13A–9 [1965], provides, in part:

Any district furnishing sewer facilities within the district shall also have power to require all owners, tenants or occupants of any houses, dwellings and buildings located near any such sewer facilities, where sewage will flow by gravity from such houses, dwellings or buildings into such sewer facilities, to connect with and use such sewer facilities, and to cease the use of all other means for the collection, treatment and disposal of sewage and waste matters from such houses, dwellings and buildings where there is such gravity flow and such houses, dwellings and buildings can be adequately served by the sewer facilities of the district, and it is hereby found, determined and declared that the mandatory use of such sewer facilities provided for in this paragraph is necessary and essential for the health and welfare of the

inhabitants and residents of such districts and of the State.

Whenever any district has made available sewer facilities to any owner, tenants or occupant of any house, dwelling or building located near such sewer facility, and the engineer for the district has certified that such sewer facilities are available to and are adequate to serve such owner, tenant, or occupant, and sewage will flow by gravity from such house, dwelling or building into such sewer facilities, the district shall have the immediate right and duty to charge, and such owner, tenant or occupant shall have the duty to pay from and after the date of receiving notice that such facilities are available, the rates and charges for services established under this article.

All delinquent fees, rates and charges of the district for either water facilities or sewer facilities shall be liens on the premises served of equal dignity, rank and priority with the lien on such premises of state, county, school and municipal taxes.

The petitioner in this action does not directly challenge the right of the Malden Public Service District to impose charges upon her property for sewer services. Nor does she directly challenge the right of the Malden Public Service District to place a lien upon her property with respect to those charges. Rather, the petitioner indicates that some form of notice is required as a prerequisite to her liability for such charges. We agree, and our conclusion is based upon the express language of *W. Va. Code*, 16–13A–9 [1965], which states that, with respect to charges relating to district sewer facilities, certain owners, tenants or occupants "shall have the duty to pay from

---

2. *W. Va. Code*, 16–13A–9 [1965], was amended in 1980 and 1981. *W. Va. Code*, 16–13A–9 [1981], provides, in part, as follows:

Whenever any district has made available sewer facilities to any owner, tenant or occupant of any house, dwelling or building located near such sewer facility, and the engineer for the district has certified that such sewer facilities are available to and are adequate to serve such owner, tenant or occupant, and

sewage will flow by gravity or be transported by such other methods approved by the department of health from such house, dwelling or building into such sewer facilities, the district may charge, and such owner, tenant or occupant shall pay the rates and charges for services established under this article only after thirty-day notice of the availability of the facilities has been received by the owner.

and after the date of receiving notice that such facilities are available...." [3]

Although the record clearly indicates that the petitioner was notified that district sewer facilities were available for her home at 123 Hill Drive, we are of the opinion that the petitioner, or tenant or occupant of the garage apartment, was entitled to a separate notice of availability of district sewer facilities relating to the garage apartment at 123½ Hill Drive.[4] The petitioner's home and the garage apartment required separate connections to district facilities, and the petitioner, implying that services were not available with respect to the garage apartment, asserts in her petition that she "believed that the garage could not be connected with the sewer line because there was no method of laying pipes in the cement driveway." That assertion is denied by the Malden Public Service District in its answer to the petition.

We hold, therefore, that in the absence of receipt of notice by the owner, tenant or occupant of a garage apartment that public service district sewer facilities are available with respect to that garage apartment, a public service district, under *W.Va.Code,* 16–13A–9 [1965], is without authority to impose charges and a lien against that dwelling for sewer services, even though the garage apartment is located upon a lot containing another dwelling which is properly subject to district sewer service charges.

This Court declines, however, to hold that the petitioner or her granddaughter received no notice that district sewer facilities were available for the garage apartment at 123½ Hill Drive. That is an issue of fact not appropriate for resolution in the mandamus proceeding before this Court. *See* Syllabus points 1 and 2, *Hall v. Protan,* 156 W.Va. 562, 195 S.E.2d 380 (1973).

Consequently, upon all of the above, the rule issued by this Court against the respondents directing them to show cause why a writ of mandamus should not be awarded against them is discharged, and the writ of mandamus is hereby denied without prejudice to the petitioner. The petitioner may institute proceedings in the Circuit Court of Kanawha County, West Virginia, to resolve the question of notice of availability of district sewer facilities relating to her property at 123½ Hill Drive.

Writ Denied.

3. *W.Va.Code,* 16–13A–21 [1953], provides, in part, as follows: "The provisions of this article shall be liberally construed to accomplish its purpose and no procedure or proceedings, notices, consents or approvals, shall be required in connection therewith except as may be prescribed by this article...."

4. It should be noted that the April 21, 1978, agreement between the petitioner and the Malden Public Service District, concerning the petitioner's home at 123 Hill Drive, stated, in part, as follows:

The User shall be ready for his service line to be connected to the Owner's collection system and shall commence to use the service from the system on the date the service is made available to the User by the Owner. Sewer service charges to the User shall commence on the date service is made available, regardless of whether the User's service line is complete and ready to be connected to the collection system.

As indicated above, however, that agreement did not mention the petitioner's garage apartment located at 123½ Hill Drive.