**Mary C. HACKETT, in her capacity as Director of the Department of Employment Security**

v.

**Henry F. MURRAY et al.**

**83–539–M.P.**

Supreme Court of Rhode Island.

April 24, 1986.

Valentino D. Lombardi, Legal Counsel for Dept. of Employment Sec., for plaintiff.

Henrietta Zalkind, R.I. Legal Services, William G. Brody, Powers & McAndrew, Providence, for defendants.

OPINION

WEISBERGER, Justice.

This case comes before us on a petition for certiorari brought by a claimant for

unemployment-compensation benefits seeking review of a judgment entered by the District Court reversing an earlier decision by the Board of Review of the Department of Employment Security (board of review or board). We quash the judgment of the District Court. The facts underlying this petition for certiorari are as follows.

The petitioner, Joan E. Ferreira (claimant), had worked during the year 1981 in a full-time position for Amoriggi Sea Foods Company (Amoriggi). Also during the year 1981 claimant worked part-time for a period of five months for the city of Warwick as a secretary. The claimant's employment for the city of Warwick was terminated on October 1, 1981, for failure to meet the city's requirements for work hours in accordance with the agreement between claimant and the city.

During the month of October, claimant's hours were reduced at Amoriggi, and she filed a claim for partial unemployment benefits by reason of this reduction. She received partial benefits for the week ending October 24, 1981. On October 30, 1981, claimant was laid off from her job at Amoriggi and filed for full benefits as a result thereof. She was awarded unemployment-compensation benefits for the week ending October 24, 1981, through the week ending January 16, 1982, for an aggregate total of $1,173 in benefits.

After notification to the city of Warwick that a portion of claimant's benefits would be charged to the city, Warwick protested the payment of benefits on the ground that claimant had been terminated for cause and was therefore not entitled to compensation benefits arising out of that termination of employment. G.L. 1956 (1979 Reenactment) § 28–44–18. This protest resulted in a determination by the director that claimant was discharged by the city under disqualifying conditions and that she was not entitled to benefits but was required to reimburse the department for the $1,173 in benefits that she had received. That determination was sustained by a referee (also sometimes referred to as the appeal tribunal) of the Department of Employment Security. The claimant appealed the referee's determination to the board of review.

After a hearing, the board of review found as a fact that claimant had been discharged by the city of Warwick for failure to meet the work schedule required by the city. The board found that this disqualified claimant from receipt of benefits by reason of her discharge by the city of Warwick. The board went on to make the following findings and conclusions relating to claimant's employment with Amoriggi Sea Foods:

"The major issue in this case, however, is that the claimant is entitled to the receipt of Employment Security Benefits based upon her lay off from Amoriggi Sea Foods.

"This lay off occurred on October 30, 1981 and the claimant would be entitled to the receipt of benefits in accordance with the law from that day forward and any partial benefits she might have been entitled to prior to her lay off date.

"The issue of the claimant's discharge from part time employment is not relevant to the major issue in this case.

"The Employment Security Act is designed to provide benefits to those who become unemployed. This claimant was unemployed because of a lay off from a full-time job."

Relying upon the foregoing findings and conclusions, the board modified the decision of the referee and determined that claimant was entitled to the benefits that she had received but that Warwick should not be charged for said benefits.

Thereafter, the director appealed to the District Court pursuant to G.L. 1956 (1977 Reenactment) § 42–35–15, as amended by P.L. 1981, ch. 40, § 1. A justice of the District Court in a written decision reversed the decision of the board of review and ordered that claimant repay all moneys collected by her as benefits between October 24, 1981, and January 16, 1982. The trial justice went on to state that in passing

on this question, he made no judgment on the possibility of claimant's collecting unemployment benefits on the basis of her layoff from Amoriggi Sea Foods. The justice of the District Court apparently believed that the only question submitted to him was the disqualification of claimant based upon her discharge from the city of Warwick. However, there is no doubt that the record before the board of review included information that claimant had been employed full-time by Amoriggi. However, the justice of the District Court apparently found this fact to be irrelevant. With this finding, we disagree. Section 28–44–47 provides for an appeal to the Board of Review of the Department of Employment Security by any party in interest, including the director. The scope of this review is broadly stated in the statute as follows:

"Any party in interest, including the director, shall be allowed an appeal to the board of review from the decision of an appeal tribunal. The board of review on its own motion may initiate a review of a decision or determination of an appeal tribunal within ten (10) days after the date of the decision. The board of review may affirm, modify, or reverse the findings or conclusions of the appeal tribunal solely on the basis of evidence previously submitted or *upon the basis of such additional evidence as it may direct to be taken."* (Emphasis added.)

■ Consequently, the board of review is not limited by the evidence or issues considered by the referee or appeal tribunal. It had the right to examine the file of the department as it related to claimant, including her employment with Amoriggi, whether that employment had been considered by the referee or not. Indeed, the board of review is not limited by rules of evidence or the requirement under the provisions of the Administrative Procedures Act that mandates adherence to the Superior Court rules of evidence in civil cases. *See Turner v. Department of Employment Security, Board of Review,* 479 A.2d 740, 742 (R.I. 1984).

■ It is the District Court that is narrowly circumscribed in its appellate review by § 28–44–54, which prohibits the District Court from substituting its judgment on issues of fact resolved by the agency, *Berberian v. Department of Employment Security Board of Review,* 414 A.2d 480, 482 (R.I. 1980), and by the provisions of § 42–35–15, the Administrative Procedures Act. In *Turner* we reiterated the mandate of § 28–44–54 that "in the absence of fraud the findings of fact by the board of review, if supported by substantial evidence regardless of statutory or common law rules, shall be conclusive." 479 A.2d at 742. There seems to be no question that in the case at bar the employment record of the claimant was before the board. The board in no way was limited to those portions of the record that the referee had chosen to consider. There is also no question that the employment record of the claimant disclosed her employment with Amoriggi. This record evidence would meet the requirement of the statute as "substantial evidence" to support the finding of the board. Consequently, we are of the opinion that the court was in error in ignoring this finding as irrelevant. It seems clear that the board's determination of the claimant's eligibility based upon her full-time employment with Amoriggi Sea Foods was not assailable on review by the District Court, either as an error of law or as a clearly erroneous finding of fact.

For the reasons stated, the claimant's petition for certiorari is hereby granted. The judgment of the District Court reversing the decision of the board of review is hereby quashed. The decision of the board of review is hereby reinstated. The papers in the case may be remanded to the District Court with our decision endorsed thereon.