Marie G. CAMILLE

v.

BOARD OF REVIEW, DEPARTMENT OF EMPLOYMENT SECURITY.

No. 88–97–M.P.

Supreme Court of Rhode Island.

May 22, 1989.

Harry W. Asquith, Jr., Asquith Merolla Wiley Ryan & Anderson, Providence, Susan Antonio Pacheco, McIntone Henry Bennett & Coogan, Attleboro, for plaintiff.

Pat Nero, Cranston, William G. Brody, Powers, Harsch & Kinder, Inc., Providence, for defendant.

OPINION

FAY, Chief Justice.

This case comes before us on a petition for certiorari brought by a claimant, Marie G. Camille (Camille), for unemployment-compensation benefits. Camille seeks review of a judgment entered by the District Court sustaining an earlier decision by the Board of Review of the Department of Employment Security (board of review or board). We quash the judgment of the District Court. The facts underlying the petition for certiorari are as follows.

After being employed by Agawam Hunt Country Club (Agawam Hunt) for approximately eight years, Camille tendered her resignation on August 15, 1986. Subse-

quently her application to the Department of Employment Security (DES) for unemployment benefits was denied pursuant to G.L.1956 (1986 Reenactment) § 28–44–17.[1] This determination was reversed by a referee of DES. Agawam Hunt appealed the referee's ruling to the board of review.

At the outset of the board hearing, counsel for the board stated that no new evidence or testimony could be introduced. Nevertheless, Agawam Hunt was allowed to introduce new evidence regarding the circumstances surrounding Camille's resignation and new testimony concerning Camille's failure to invoke the protection of their grievance procedure. Camille was permitted to rebut this new evidence but not allowed to introduce new evidence.

Thereafter the board issued a decision reversing the referee and denying Camille the requested benefits. This determination was based upon Camille's alleged failure to disclose her employment problems to authorized personnel and to establish good cause to justify her resignation. Camille appealed the board's decision to District Court pursuant to § 28–44–52. On appeal the trial judge sustained the board's decision.

■ We note that § 28–44–47 prescribes the scope of review for the board as follows:

"Any party in interest, including the director, shall be allowed an appeal to the board of review from the decision of an appeal tribunal. The board of review on its own motion may initiate a review of a decision or determination of an appeal tribunal within ten (10) days after the date of the decision. The board of review may affirm, modify, or reverse the findings or conclusions of the appeal tribunal solely on the basis of evidence previously submitted or upon the basis of such additional evidence as it may direct to be taken."

It is clear from the statutory language that evidence in addition to that submitted to the referee may be introduced at a board of review hearing. *See Hackett v. Murray,* 508 A.2d 649, 651 (R.I.1986).

■ Mindful of the standards set forth in § 28–44–47, we believe that the controlling issue is whether the procedure followed by the board comported with due process. The essential inquiry to determining whether due process has been accorded is first to determine what manner of process was required and then to review whether the procedure utilized was fair in the circumstances. *See The Bionomic Church of Rhode Island v. Ruscetta,* 424 A.2d 1063, 1065 (R.I.1981).

■ Turning to the case at bar, we hold that due process requirements have not been met. Our examination reveals that Agawam Hunt was allowed to present new evidence whereas Camille was not given a similar opportunity. This alone was sufficient error for us to conclude that due process has not been accorded. In addition Camille appeared pro se and therefore was unable effectively to address this legal error. Therefore, the decision of the board of review, and the District Court's affirmance, was based upon improper grounds. The only appropriate remedy is to return this case to the board for a de novo hearing, at which time both parties or neither party will be able to introduce new evidence.

For the reasons stated, the claimant's petition for certiorari is hereby granted. The judgment of the District Court sustaining the decision of the board of review is hereby quashed. The parties are directed to appear before the board for a de novo hearing. The papers in this case are remanded to the District Court with our decision endorsed thereon.

---

1. General Laws 1956 (1986 Reenactment) § 28–44–17 is a prohibitive section of the Employment Security Act, which for purposes of

this litigation denies benefits to individuals who voluntarily leave their employment without good cause.