May 9, 2018

**Supreme Court**

No. 2015-128-M.P.
(PC 14-891)

Endoscopy Associates, Inc.　　　　　：

v.　　　　　：

Rhode Island Department of Health.　　　：

NOTICE:　This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Endoscopy Associates, Inc.     :

v.             :

Rhode Island Department of Health.   :

Present:  Suttell, C.J., Goldberg, Flaherty, and Indeglia, JJ.

**O P I N I O N**

**Justice Goldberg, for the Court.**   The petitioner, Endoscopy Associates, Inc. (Endoscopy), appeals from a judgment of the Superior Court that reversed a decision by the Rhode Island Department of Health (the DOH) to grant an application for a Health Care Certificate of Need (CON).  This Court granted a petition for a writ of certiorari on February 23, 2016. The parties appeared before the Supreme Court on February 7, 2018, pursuant to an order directing the parties to show cause why the issues raised on appeal should not be summarily decided.  After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown and that this case should be decided without further briefing or argument.  For the reasons discussed herein, we quash the judgment of the Superior Court.

**Facts and Travel**

Endoscopy is a Rhode Island physician-owned professional corporation that provides gastroenterology services to its patients.  Five years ago, on January 10, 2013, Endoscopy applied for a CON with the DOH pursuant to the Health Care Certificate of Need Act of Rhode Island, G.L. 1956 chapter 15 of title 23 (the Act), seeking to change its license from a physician

ambulatory surgery center (PASC) to a freestanding ambulatory surgery center (FASC). As a PASC licensee, Endoscopy is limited to a physician-owned and -operated facility, and by converting to a FASC license, Endoscopy would be able to expand its corporate ownership to nonphysicians and have nonowner physicians practicing in the facility. However, under the Act, a CON will not be approved without an

> "adequate demonstration of need by the applicant at the time and place and under the circumstances proposed, nor shall the approval be made without a determination that a proposal for which need has been demonstrated is also affordable by the people of the state." Section 23-15-4(b).

In its CON application, Endoscopy:

> "[P]ropose[d] to transition to and obtain a license to operate as a freestanding ambulatory surgery center in order to increase its options with respect to its ownership structure. The Applicant currently does not have any plans to change its ownership structure, however, as a physician ambulatory surgery center the Applicant can only be owned by physicians and allow owners to utilize the facility. Upon approval of this CON application, the Applicant would have the option, if ultimately desired, to (i) allow a non-physician to purchase an ownership interest in the Applicant; and (ii) allow non-owner physicians to utilize the facility."

Endoscopy also included a report by Harvey Zimmerman (the Zimmerman Report) that had been commissioned by the DOH entitled "Assessment of Need for Ambulatory Surgery Capacity in Rhode Island: 2009[.]" The Zimmerman Report indicated that, in 2013, sixty-one endoscopy rooms would be needed, but only fifty-seven would be available. In reliance on the Zimmerman Report, Endoscopy contended that there will be a future need to expand, and that operating under a FASC would allow them to meet the need at that time. Additionally, Endoscopy relied on a Rhode Island Comprehensive Cancer Control Plan from 2007, which recommended an increase in the rate of endoscopic screenings for colorectal cancer. Endoscopy's application also indicated that it was operating at near capacity and had an expected

utilization rate of 92 percent through 2015, and therefore there was an "obvious need" to change its licensure to a FASC. However, Endoscopy also acknowledged that it had no *current* plan to change its corporate ownership structure, and that, at the time of its application, its facility was satisfying existing patient needs and services.

Endoscopy's CON application was first reviewed by Project Review Committee-I of the Health Services Council (HSC), an advisory board for the DOH. A competing provider, Blackstone Valley Surgicare Acquisition, L.P. (Blackstone Valley), which operates as a FASC in Johnston, Rhode Island, intervened and filed a letter in opposition to Endoscopy's application. Blackstone Valley argued that Endoscopy could not meet its burden of proving need and affordability, and that the CON statute and regulations were not designed as a corporate restructuring tool. Following multiple proceedings before the Project Review Committee-I, the committee voted to recommend that the CON be approved. Subsequently, on July 30, 2013, Endoscopy's CON came under full review by the HSC. Again, Blackstone Valley objected and argued that Endoscopy failed to meet its burden of proving public need for the FASC. The HSC reviewed Endoscopy's CON application and similarly recommended that the CON be granted. The HSC reasoned that the application identified an adequate need and also satisfied the requirement that the proposal be affordable.

On August 5, 2013, the recommendations from the Project Review Committee-I and the HSC came before the director of the DOH. Blackstone Valley submitted another letter in opposition. The director ultimately accepted the positive recommendations and found:

> "The state agency has applied the relevant criteria in the appropriate statute and rules and regulations, and has accorded to them the appropriate weight, and has considered the record and criteria with due deference and balance to those matters which the state agency has deemed to have priority importance."

The director then granted the CON, subject to seventeen conditions.[1] Blackstone Valley requested administrative review pursuant to the Act.[2] Blackstone Valley argued that the evidence in the record did not support the DOH's decision that the CON identified a public need for another FASC.

An administrative hearing officer from the Department of Administration (the DOA) conducted this administrative review and issued a decision that reversed the approval granted by the DOH. The hearing officer concluded that the CON was in violation of statutory and regulatory requirements and did not demonstrate a public need. The hearing officer declared that "[a] CON decision needs to weigh those considerations [enumerated in § 23-15-4(e)] in order to find whether there is a substantial and/or obvious community need. Such findings were not made by the [d]ecision." The hearing officer declared that whether Endoscopy had the flexibility to change its corporate structure in the future was not a *public* need. On February 27, 2014, Endoscopy filed for judicial review in the Superior Court, pursuant to G.L. 1956 § 42-35-15.[3]

In the Superior Court, the trial justice, in accordance with § 42-35-15, determined that § 42-35-15(g) "makes explicit that the Superior Court reviews 'the decision of the agency[,]'"

---

[1] The seventeen conditions adopted by the director of the DOH are not relevant to this appeal.

[2] General Laws 1956 § 23-15-6(b)(10) provides that,

> "upon the request of any affected person, the decision of the state agency to issue, deny, or withdraw a certificate of need or to grant or deny an exemption shall be administratively reviewed under an appeals mechanism provided for in the rules and regulations of the state agency, with the review to be conducted by a hearing officer appointed by the director of health. *The procedures for judicial review shall be in accordance with the provisions of § 42-35-15.*" (Emphasis added.)

[3] General Laws 1956 § 42-35-15, entitled "Judicial review of contested cases," states in pertinent part: "Any person, including any small business, who has exhausted all administrative remedies available to him or her within the agency, and who is aggrieved by a final order in a contested case is entitled to judicial review under this chapter." Section 42-35-15(a).

and therefore declared that her review would be limited to the decision of the DOH, rather than the decision of the DOA hearing officer. The trial justice concluded that she sat in a similar position as the DOA hearing officer and was to examine the record "to determine whether some or any legally competent evidence exists to support the DOH's decision." (Internal quotation marks omitted.) In doing so, the trial justice opined that it was "apparent * * * that the CON application process is not tailored for an application of this type * * *"; she then remanded the application to the DOH for further proceedings to establish whether the CON application procedure could encompass Endoscopy's application and to "ascertain the proper channel for such a corporate restructuring." However, after a review of the entire record, the trial justice also reversed the DOH's decision, reasoning that Endoscopy's application did not demonstrate a public need.

This Court granted Endoscopy's petition for a writ of certiorari on February 23, 2016. We note, however, that although the writ was directed to the DOH, the state agency did not participate in these proceedings; Blackstone Valley was the only respondent. At the outset, in accordance with the trial justice's direction, we remanded the papers to the DOH in order to ascertain whether Endoscopy's application was an appropriate avenue for relief under the CON process. In August 2016, the DOH submitted a response entitled "Decision and Response of the Rhode Island Department of Health to Question Ordered by the Court." The DOH stated that "[w]hile the applicable application is not typical or usual or, common to the CON application process, nevertheless the application filed is suitable * * *."

Before this Court, Endoscopy argues that the trial justice failed to give proper deference to the DOH's determination that a public need was sufficiently demonstrated to warrant issuance of the CON. Additionally, Endoscopy asserts that there was ample evidence produced to support

a finding that there was a public need separate and apart from licensing restructure, and that the suggestion that the application was a proposal for corporate restructuring was erroneous. Blackstone Valley responds that the trial justice appropriately upheld the decision of the DOA hearing officer in light of the evidence in the record. Blackstone Valley contends that Endoscopy has failed to demonstrate an unmet public need in its request for a licensure change.

**Standard of Review**

Pursuant to § 42-35-15, the Superior Court is vested with appellate jurisdiction to review final orders of state administrative agencies. *Rocha v. State Public Utilities Commission*, 694 A.2d 722, 725 (R.I. 1997). The trial justice must not "substitute [his or her] judgment for that of the agency as to the weight of the evidence on questions of fact." *Interstate Navigation Co. v. Division of Public Utilities and Carriers*, 824 A.2d 1282, 1286 (R.I. 2003). Instead, the Superior Court must uphold the agency's decision if it is supported by legally competent evidence. *Id.* However, pursuant to § 42-35-15(g), the Superior Court may reverse or modify if

> "substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> "(1)  In violation of constitutional or statutory provisions;
>
> "(2)  In excess of the statutory authority of the agency;
>
> "(3)  Made upon unlawful procedure;
>
> "(4)  Affected by other error or law;
>
> "(5)  Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
>
> "(6)  Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

When this Court reviews the Superior Court's decision on certiorari, we apply "the 'some' or 'any' evidence test and review[] the record to determine whether legally competent

evidence exists to support the findings." *Sartor v. Coastal Resources Management Council*, 542 A.2d 1077, 1083 (R.I. 1988) (quoting *Mendonsa v. Corey*, 495 A.2d 257, 260 (R.I. 1985)). Additionally, we examine the record for an error of law. *See Johnston Ambulatory Surgical Associates, Ltd. v. Nolan*, 755 A.2d 799, 805 (R.I. 2000). Finally, "we do not weigh the evidence, but rather determine whether the trial justice was legally justified in modifying or reversing the agency's order." *Interstate Navigation Co.*, 824 A.2d at 1286.

**Analysis**

In her decision, the trial justice held that Endoscopy's application did not establish a public need, and that an application for a CON to allow for corporate restructuring did not lend itself to the CON process. She noted, citing to the relevant DOH rules and regulations, that "[i]n order to grant a CON application, there must exist a substantial or obvious community need * * *." The trial justice then determined that "[t]he public need criteria [does] not relate in any way to flexibility endowed by corporate restructuring." The trial justice limited her review to that of the DOH's decision, but referred to the DOA hearing officer's findings that the 2013 Zimmerman Report was irrelevant. She then similarly concurred with the hearing officer that the "CON application process is not tailored for an application of this type [and that] it is well-established that 'questions of the wisdom, policy or expediency of a statute are for the Legislature alone.'" (Quoting *In re House of Representatives (Special Prosecutor)*, 575 A.2d 176, 177 (R.I. 1990).) Therefore, based on her review of the entire record, including the DOA hearing officer's decision, she reversed the decision of the DOH director on the basis that it was clearly erroneous in view of the reliable, probative, and substantial evidence on the record.[4]

---

[4] We use this opportunity to acknowledge an anomaly regarding the procedure for administrative review in the CON process. Pursuant to § 23-15-6(b)(10), the DOH must have an administrative review appeals mechanism in place for any person who may be affected by the agency's

Before this Court, Endoscopy contends that the trial justice failed to give proper deference to the DOH's determination that need has been met and that the CON should issue. Endoscopy argues that there was substantial evidence to support the DOH's decision to grant its application, including the Zimmerman Report, which projected an undersupply of endoscopy rooms in Rhode Island through 2013, as well as Endoscopy's high utilization rates.[5] Endoscopy also suggests that the trial justice's reasoning leads to the only alternative approach to demonstrate need, which is for Endoscopy to close its surgical center and begin the CON process anew, seeking the same result. This approach, Endoscopy argues, would lead to an absurd result. Finally, Endoscopy argues that the trial justice mischaracterized Endoscopy's application by finding it to be an application to change its corporate structure. Endoscopy asserts that it filed the CON application in order to change its licensure status from a PASC to a FASC, and not to change its corporate structure.

In response, Blackstone Valley argues that there is not a scintilla of evidence in the record to support an unmet public need for outpatient ambulatory surgery to be performed at another licensed FASC. Blackstone Valley points to Endoscopy's concession that its patients' needs for endoscopy procedures are being met and, Blackstone Valley asserts, there is excess

decisions. Section 17.5 of its Rules and Regulations for Determination of Need for New Health Care Equipment and New Institutional Health Services (the Rules and Regulations) sets forth the standard of review for the DOH administrative review. However, it is identical to the standard of review contained in § 42-35-15 of the Administrative Procedures Act for judicial review. Thus, in the present case, the hearing officer and the trial justice conducted a duplicative review of the DOH director's decision. This is troublesome and left us wondering which decision—the decision of the DOH director granting the CON application or the decision of the DOA hearing officer reversing that decision—constituted the "final order in a contested case" and is the "agency act or ruling." Section 42-35-15(a). We further note that administrative review is not judicial review.

[5] Endoscopy's application stated that it had been operating at a utilization rate between 84 percent and 91 percent annually since 2010, and projected a 92 percent utilization through 2015.

- 8 -

capacity with the existing license.[6]  Therefore, Blackstone Valley contends that the trial justice's decision correctly concluded that there was no competent evidence before the DOH to support a CON.

The primary issue before this Court is whether, when evaluating a CON application, the governing statute, § 23-15-4(b), allows for the DOH to consider future public need and the undisputed changes to the delivery of health care.  It is well settled that Rhode Island courts accord great deference to an agency's interpretation of its rules and regulations and its governing statutes, provided that the agency's construction is neither clearly erroneous nor unauthorized. *See Rossi v. Employees' Retirement System*, 895 A.2d 106, 113 (R.I. 2006); *see also Labor Ready Northeast, Inc. v. McConaghy*, 849 A.2d 340, 345-46 (R.I. 2004); *Arnold v. Rhode Island Department of Labor and Training Board of Review*, 822 A.2d 164, 169 (R.I. 2003).  Thus, to resolve this issue, we look to the applicable statutes and DOH rules, as well as the DOH's interpretation of its rules and regulations.

The Act is designated to set forth the "standards for the authorization and allocation of new institutional health services and new health care equipment."  Section 23-15-3.  In addition, pursuant to § 23-15-4(a), "[n]o health care provider or health care facility shall develop or offer new health care equipment or new institutional health services in Rhode Island * * * without prior review by the health services council * * *."  Moreover, subsection (b) of § 23-15-4 states that:

> "No approval shall be made without an adequate demonstration of *need* by the applicant at the time and place and under the

---

[6] Blackstone Valley, a business already licensed as a FASC, argued that it has excess capacity for future patients and believes that other licensed FASCs also have excess capacity. Therefore, Blackstone Valley disputes that there is a lack of capacity at existing facilities or that there is a public need for additional FASCs in Rhode Island.

circumstances proposed, nor shall the approval be made without a determination that a proposal for *which need* has been demonstrated is also affordable by the people of the state."[7] (Emphasis added.)

"Public need" is defined in § 3.26 of the DOH Rules and Regulations For Determination of Need

for New Health Care Equipment and New Institutional Health Services (the Rules and

Regulations) as:

> "[A] substantial or obvious community need for the specific new health care equipment or new institutional health service proposed and the scope thereof, in light of the attendant circumstances and in

---

[7] Section 4.3(d) of the Rules and Regulations, which governs CON applications, identifies, at a minimum, what an applicant must demonstrate in order to establish a need:

> "Demonstration of a public need for the proposed new institutional health service or new health care equipment and for the scope thereof at the time and place and under the circumstances proposed, considering the availability of existing facilities, equipment and services, both statewide and on a local basis, which may serve as alternatives or substitutes for the whole or any part of the proposed new institutional health service or new health care equipment.

> "In demonstrating public need, the applicant shall, as a minimum, perform the following:

> "(1)  Demonstrate the current service and target population involved and where appropriate, the projected population changes;
> "(2)  Delineate the health needs of the above populations;
> "(3)  Inventory the facilities or services currently available or proposed capable of meeting the types of health needs identified in §4.3(d)(2) of these Regulations;
> "(4)  Determine that portion of need which is not satisfied;
> "(5)  Identify and evaluate alternative proposals to satisfy the unmet need; and
> "(6)  Delineate the justification for the specific alternative proposed, including the scope thereof."

the context of the considerations outlined in §4.3(d) and §9.12 of these Regulations."

In accordance with the trial justice's order, which this Court adopted, the DOH was called upon to determine whether Endoscopy's request for a CON to operate as a FASC was an appropriate application under the CON process.

The DOH, in a three-page response to this Court's order, highlighted Endoscopy's assertions that the health care delivery system is changing and that the CON process is necessary so that Endoscopy "can be ready to respond to the needs of Rhode Islanders and be ready to respond to the changes that are occurring in health care." The DOH concluded that Endoscopy's application specifically required the agency to look to future public need, including current intelligent planning, and confirmed that its jurisdiction allows it to consider future public need in the approval of a CON application.[8]

The DOH stated:

> "Apart from other evidence of public need during the hearings there was presented credible, uncontradicted commentary and testimony that in the future[,] because of the changes underway in the health care system[,] the applicant needs a higher licensure category so that its practice can respond to the needs of Rhode Islanders. The currently projected need would be operational at a future date. Circumstances exist now and are continuing according to the testimony and commentary which require current intelligent

---

[8] The DOH points to a trial court decision, *Kent County Memorial Hospital v. State*, No. PC 05-2089, 2006 WL 241493 (R.I. Super. Jan. 31, 2006)—a case that addressed whether the DOH has authority to consider future public need when deciding a CON application. The trial justice in that case held that

> "[t]he DOH recognized the issue of future need and interpreted the statutes in a manner which allows future need to fall within the scope of 9.11(x) as a permissible consideration when ruling on CON applications. As there is no specific language within the statutes and regulations that prohibit the DOH from considering future need, this Court finds that the DOH did not act beyond its statutory authority." *Kent County*, 2006 WL 241493 at *5.

- 11 -

> planning. The emphasis is focused on responding to the needs of the public. The method of doing so is through the higher licensure category which permits, in response to the needs of the public for continuity of health care services in the new environment a change in structure."

In this case, it was incumbent upon the DOH to interpret its Rules and Regulations in deciding that Endoscopy's application is appropriate for the CON process; and we accord such a determination great deference. *See Rossi*, 895 A.2d at 113 ("Although this Court is the final arbiter of questions of statutory construction, it is also true that 'we give deference to an agency's interpretation of an ambiguous statute that it has been charged with administering and enforcing * * *.'" (quoting *Arnold*, 822 A.2d at 169)). In interpreting its governing statutes and Rules and Regulations, the agency confirmed that Endoscopy's CON application was indeed suitable for the CON application process. We deem the DOH's response to be reasoned, thoughtful, and within its statutory powers. It is clear to this Court that the DOH correctly applied its Rules and Regulations when it determined that the public need set forth in Endoscopy's application was appropriate.

We are satisfied that the DOH relied upon competent evidence for future public need in support of its decision to grant Endoscopy's CON application. Specifically, the DOH's decision found the Zimmerman Report—which projected an increase in the need for endoscopy rooms in 2013—to be reliable and competent evidence to demonstrate community need. Additionally, the Rhode Island Comprehensive Cancer Plan developed in 2007 anticipated that there would be a future 10 percent increase in endoscopy screenings for colon cancer. Further, Endoscopy's application demonstrated that it was operating at near capacity. These projections supported the DOH's determination that need has been established and that a FASC license would place Endoscopy in a position to better respond to expected future demands. We are unanimous in our

opinion that there was legally competent evidence before the DOH to support its findings that Endoscopy's application satisfied the requirements of the CON application process. For these reasons, we vacate the judgment of the trial justice and affirm the DOH's decision to grant Endoscopy's CON application allowing Endoscopy to become a FASC.

### Conclusion

For the reasons discussed herein, the judgment of the Superior Court is quashed. The decision of the Department of Health to grant Endoscopy's application for a Certificate of Need for a Freestanding Ambulatory Surgical Center is affirmed. The papers in the case shall be remanded to the Superior Court with our decision endorsed thereon.

Justice Robinson did not participate.

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Endoscopy Associates, Inc. v. Rhode Island Department of Health. |
| **Case Number** | No. 2015-128-M.P.<br>(PC 14-891) |
| **Date Opinion Filed** | May 9, 2018 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, and Indeglia, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Susan E. McGuirl |
| **Attorney(s) on Appeal** | For Petitioner:<br><br>Jeffrey S. Brenner, Esq.<br>Stephen D. Zubiago, Esq.<br>Christopher J. Browning, Esq.<br><br>For Rhode Island Department of Health:<br><br>Patricia K. Rocha, Esq.<br>Jamie J. Bachant, Esq. |