390 A.2d 348.

TOWN OF GLOCESTER *v.* R.I. SOLID WASTE MANAGEMENT CORP., *et al.*

AUGUST 3, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

JOSLIN, J.   This civil action for declaratory and injunctive relief was brought in the Superior Court by the town of Glocester (Gloscester) and was submitted to a trial justice sitting without a jury on an agreed statement of facts. The defendants are the Rhode Island Solid Waste Management Corporation (the Corporation), a public instrumentality exercising public and essential governmental functions, William Davis d.b.a. Glocester-Smithfield Regional Landfill (Davis) and the Town of East Greenwich (East Greenwich). The real issue in the case is whether the Legislature in enact-

ing P.L. 1974, ch. 176, now G.L. 1956 (1968 Reenactment) ch. 46.1 of title 23, the Rhode Island Solid Waste Management Corporation Act (the Waste Management Act) so preempted the regulation of solid waste collection and disposal as to render invalid and unenforceable in the circumstances here prevailing certain portions of Glocester's ordinances which antedate the enactment of the Waste Management Act and ban the importation of solid waste materials. The trial justice decided that question in favor of the defendants and Glocester appealed.

It appears from the facts stipulated that, in September 1974, Davis entered into a contract with Glocester for the disposal of Glocester's waste materials at a sanitary landfill which he owns and operates, and which is located partly in Glocester. There were then in effect several Glocester ordinances banning the dumping in that town of waste materials not gathered from local sources. Notwithstanding that prohibition, Davis contracted to receive waste materials from East Greenwich. At oral argument the parties stipulated that this contract had been approved by the Corporation.

At the conclusion of the hearing, the trial justice declared the anti-importation provisions, rather than the contract, invalid and unenforceable. His reasons were that those provisions (1) directly conflicted with the state legislation in the field and (2) interfered with Davis' business in an arbitrary, disciminatory, capricious and unreasonable manner in violation of his fourteenth amendment right to equal protection of the laws.

It is undisputed that a municipal ordinance in direct and material conflict with a state law of general character or statewide concern is invalid. *Marro* v. *General Treasurer*, 108 R.I. 192, 195, 273 A.2d 660, 662 (1971); *Opinion to the House of Representatives*, 79 R.I. 277, 280, 87 A.2d 693, 696 (1952), and that whether the two so conflict depends on what the Legislature intended when it enacted the statute. *Berberian* v. *Housing Authority*, 112 R.I. 771, 775, 315 A.2d 747, 749-50 (1974).

In this case what the Legislature intended is clearly disclosed both in the Waste Management Act itself and in the history of earlier legislation relating to waste disposal. That legislation, P.L. 1968, ch. 192, now ch. 46 of title 23, as amended, assigned to the several cities and towns of the state responsibility for the safe and sanitary disposal of refuse generated within their respective boundaries. Many of those cities and towns, however, were hard pressed to provide adequate services at reasonable costs; and others, as a result of inefficient practices and poor management techniques, were confronted with pollution problems, environmental deterioration, and unnecessary waste of land and other valuable resources.

In response to those conditions the Legislature in 1974 substantially amended the 1968 Act and simultaneously enacted the Waste Management Act. In summary, the pertinent provisions of the latter Act recognize that the collection, disposal and utilization of solid waste matter are matters of general concern to the citizens of this state and their welfare; that the problems associated therewith are statewide in scope; and that appropriate governmental processes and support are required so that an effective and integrated statewide network of solid waste management facilities might be planned, financed, developed and operated in an environmentally sound manner for the benefit of the people and municipalities of the state. To accomplish those goals, the Legislature created and established the Corporation as a public instrumentality; empowered it to exercise all the powers, authorities and rights that might be necessary to a proper performance of its assigned functions; and directed it to implement its programs through contractual arrangements with private industry to the greatest degree possible.

Glocester argues in substance that the projected network of state wide facilities is intended to supplement, not supplant, municipal facilities; and that even as applied to the facts of this case, there is no direct conflict between the Waste Management Act and the anti-importation provisions

of its ordinances. Notwithstanding, we are convinced that the Legislature intended disposal of solid waste to be handled on a statewide basis with control centralized in the Corporation, and that the Corporation was not only acting within the scope of its delegated powers when it approved Davis' contract for the disposal of East Greenwich waste in Glocester, but in addition was complyng with the legislative direction that it encourage private industry to play a key role in the state's solid waste management program. We are also convinced that the questioned ordinances, at least insofar as they render illegal performance of a Corporation-approved contract between Davis and East Greenwich, are in direct and material conflict with the Waste Management Act and are therefore invalid. *see Southern Ocean Landfill, Inc.* v. *Mayor of Ocean,* 64 N.J. 190, 314 A.2d 65 (1974).

Our decision on the preemption question is dispositive; consequently, we do not reach the constitutional issue.

The plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.

*George W. Shuster,* for plaintiff.

*Albert B. West* (for R.I. Solid Waste Management Corp.), *Leonard A. Kiernan, Jr.* (for William Davis d.b.a Glocester-Smithfield Regional Landfill), for defendants.