**EASTON'S POINT ASSOCIATION, INC. et al.**

v.

**COASTAL RESOURCES MANAGE-MENT COUNCIL et al.**

No. 88–110–M.P.

Supreme Court of Rhode Island.

June 2, 1989.

Robert D. Kilmarx, Davis, Jenckes, Kilmarx & Swan, Inc., Providence, Stephen P. Erickson, Portsmouth, for plaintiffs.

Joseph J. Nicholson, Jr., City Sol. Newport, Brian A. Goldman, Alan J. Goldman, Jeanne L. Shepard, Goldman & Biafore, Robert Fine, Joseph DeAngelis, Licht & Semonoff, Providence, for defendants.

## OPINION

FAY, Chief Justice.

This case comes before this court pursuant to a petition for writ of certiorari. The collective petitioners, Atlantic East Associates (Atlantic East), Elias Lahoud (Lahoud), and Coastal Resources Management Council (CRMC), seek relief from a Superior Court judgment. They maintain that the trial justice exceeded the scope of review for examining an administrative-agency decision. We agree.

Atlantic East is the optionee of a contract with Lahoud. Atlantic East proposed to build a sixty-unit hotel on the land associated with the contract, located on a barrier spit in Middletown, Rhode Island. Pursuant to Atlantic East's plans, Lahoud and Atlantic East filed a request for a zoning exception with the town of Middletown on November 29, 1982. The Middletown Zoning Board acted favorably on the application on June 28, 1983, and filed an opinion approving the request on July 27, 1983. Thereafter, respondent Easton's Point Association, a group of Middletown residents opposed to the project, appealed for relief from the zoning board's decision. Their appeals to Superior Court and this court were both unsuccessful. *See Easton's Point Association v. Atlantic East Associates*, No. 86–439–M.P. (R.I., filed Jan. 15, 1987).

While the special-exception request was pending before the Middletown Zoning Board, Lahoud and Atlantic East filed a petition for CRMC approval in accordance with G.L.1956 (1980 Reenactment) § 46–23–6. The CRMC granted Atlantic East's petition on July 10, 1984, and filed a written opinion therewith on August 31, 1984. The only structural change required by CRMC from the plans submitted was the substitution of so-called breakaway walls [1] for the proposed solid walls in the area between the ground and the surface level of the envisioned building. The breakaway walls were required in order to comply with state building-code regulations for construction in a coastal high-hazard area. Easton's Point appealed the CRMC decision to the Superior Court, pursuant to the Administrative Procedures Act, G.L. 1956 (1984 Reenactment) § 42–35–15, as amended by P.L.1984, ch. 183, § 2, naming Atlantic East, Lahoud, and CRMC as defendants.

The trial justice on appeal invited discussion of the constitutionality of the composition of CRMC. We reversed the trial justice's determination that the method of appointing new council members was unconstitutional and remanded with a direction to consider the merits of the appeal of CRMC's decision. *See Easton's Point Association v. Coastal Resources Management Council*, 522 A.2d 199 (R.I.1987). On remand the trial justice in a February 11, 1988 opinion quashed CRMC's decision and ordered Atlantic East to appear anew before the Middletown Zoning Board. In reaching this conclusion, the trial justice found that the CRMC conditional approval modified the plan adopted by the Middletown Zoning Board and that, therefore, the plan should be resubmitted to the local zoning board for approval. The petitioners now seek review of this Superior Court decision.

An initial examination of the ambit of CRMC's review will be helpful to our analysis. The scope of CRMC's authority in matters of coastal development is evidenced by a brief look at G.L.1956 (1988

---

**1.** A breakaway wall is a nonbearing wall that is designed to fail under low stress conditions without endangering or bringing about the collapse of the structure.

Reenactment) chapter 23 of title 46. It is therein stated,

"The authority of the council over land areas (those areas above the mean high water mark) shall be limited to that necessary to carry out effective resources management programs. This shall be limited to the authority to approve, modify, set conditions for, or reject the design, location, construction, alteration, and operation of specified activities or land uses when these are related to a water area under the agency's jurisdiction, regardless of their actual location." Section 46–23–6(B)(3).

The CRMC, through internal policy, reviews proposed plans only after proper local zoning regulations have been satisfied. *See* Coastal Resources Management Program (CRMP) as amended February 23, 1982, appendix B, section 3.2(4). This condition precedent to CRMC review is not absolute, however, as the CRMP states that "[t]he Council may, in its sole discretion, wave [*sic*] any of the required [local] approvals *for good cause or* in the event the proposal is of more than purely local concern." CRMP § 3.2(4). This supervisory relationship, which gives broad discretion over coastline development to CRMC, is imperative in light of the myriad of local

ordinances that affect our coastal environment.

In cases like the one before us, the manner and the method of review by a Superior Court justice under G.L.1956 (1988 Reenactment) § 42–35–15 are clearly prescribed. Subsection (f) [2] provides the procedure for reviewing a contested case, and the standard of review is set forth in subsection (g).[3] A reviewing justice, in his capacity as such, is limited by subsection (f) to the record presented. The record is defined by G.L.1956 (1988 Reenactment) § 42–35–9(e) [4] and includes evidence received, any decision by the presiding officer, and all pleadings.

Our review of a Superior Court decision issued pursuant to § 42–35–15 is controlled by the principles expressed in *Guarino v. Department of Social Welfare*, 122 R.I. 583, 410 A.2d 425 (1980). While upholding a Superior Court judgment issued pursuant to § 42–35–15, we stated that when reviewing a judgment by writ of certiorari, "our inquiry is limited to determining whether the record reflects evidence, or reasonable inferences that may be drawn therefrom, to support the findings of the tribunal whose decision is being reviewed." *Id.* at 588–89, 410 A.2d at 428 (citing *Hardman v. Personnel Appeal Board*, 100 R.I. 145, 152, 211 A.2d 660, 664 (1965)).

**2.** General Laws 1956 (1988 Reenactment) § 42–35–15(f) provides:

"The review shall be conducted by the court without a jury and shall be confined to the record. In cases of alleged irregularities in procedure before the agency, not shown in the record, proof thereon may be taken in the court. The court, upon request, shall hear oral argument and receive written briefs."

**3.** Section 42–35–15(g) provides:

"The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, interferences, [sic], conclusions, or decision are:
(1) In violation of constitutional or statutory provisions:
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;

(4) Affected by other error of law;
(5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious as characterized by abuse of discretion or clearly unwarranted exercise of discretion."

**4.** General Laws 1956 (1988 Reenactment) § 42–35–9(e) provides:

"The record in a contested case shall include:
(1) All pleadings, motions, intermediate rulings:
(2) Evidence received or considered;
(3) A statement of matters officially noticed;
(4) Questions and offers of proof and rulings thereon;
(5) Proposed findings and executions;
(6) Any decision, opinion, or report by the officer presiding at the hearing;
(7) All staff memoranda or data submitted to the hearing officer or members of the agency in connection with their consideration of the case."

■ We commence our analysis of the Superior Court judgment by noting that we previously discussed the admissibility of municipal ordinances and regulations before both the Superior Court and this court on review. *See, e.g., Toohey v. Kilday,* 415 A.2d 732 (R.I.1980); *Weaver v. United Congregational Church,* 120 R.I. 419, 388 A.2d 11 (1978); *Hooper v. Goldstein,* 104 R.I. 32, 241 A.2d 809 (1968). We stated in *Toohey,* " 'despite the general rule that provisions of specific municipal ordinances are evidentiary facts which must be proved [before] a court of general jurisdiction,' we may take notice of the ordinance without its having been admitted into evidence * * *." 415 A.2d at 734 n. 1 (citing *Weaver,* 120 R.I. at 423 n. 2, 388 A.2d at 13 n.2; *Hooper,* 104 R.I. at 38, 241 A.2d at 812). By statutory restriction the Superior Court, on review of an administrative-agency decision, may not examine the underlying municipal approval if it was not proved before them. However, the administrative agency is not compelled to delay its review until municipal approval is garnered.

Administrative agencies defer to local municipalities for approval only by choice because, as we have often stated, a state law of general application and character is superior to any inconsistent local or municipal ordinance. *See, e.g., Mongony v. Bevilacqua,* 432 A.2d 661 (R.I.1981); *Town of Glocester v. Rhode Island Solid Waste Management Corp.,* 120 R.I. 606, 390 A.2d 348 (1978); *State v. Berberian,* 80 R.I. 444, 98 A.2d 270 (1953); *Wood v. Peckham,* 80 R.I. 479, 98 A.2d 669 (1953).

In this case the trial justice examined the Middletown zoning ordinance and determined that CRMC could not issue a permit with changes that resulted in a preemption of Middletown's zoning requirements. He stated that "CRMC, a state agency with statutory authority to 'issue, modify or deny permits' has issued a permit, based upon its modifications, that does not conform to the height requirements of the Middletown zoning ordinance. If the ordinance is applicable to CRMC, Middletown's zoning requirements must be complied with before CRMC can issue a permit."

■ The trial justice's review was circumscribed by § 42–35–15 and prior case law. His examination should have consisted of a review of CRMC's decision based upon the record provided to him. The record, as defined by § 42–35–9(e), did not include the Middletown zoning ordinance.

The reviewing justice addressing the issues before him was not empowered to compare the Middletown Zoning Board's approval and CRMC's assent. Once the underlying Middletown Zoning Board approval was given, it was not reviewable under § 42–35–15. We find that by conducting an independent review of the zoning board's decision vis-à-vis the amended plans approved by CRMC, the reviewing justice acted in excess of the jurisdiction provided in § 42–35–15. Therefore, it is our conclusion that the reviewing justice's determination is not supported by the evidence in the record.

■ It is now incumbent upon this court to determine what remedy will do justice in light of the substantial interests involved. We do not believe that a remand of this case would further the interests of justice. Since the facts and issues have been fully developed and clarified, further remand would not provide decisive new information. To allow remand to Superior Court at this stage would prejudice the right of petitioners to a final adjudication of their petition within a reasonable period. *Cf. Sakonnet Rogers, Inc. v. Coastal Resources Management Council,* 536 A.2d 893 (R.I. 1988) (denying remand to CRMC and allowing petitioner to proceed with construction, reasoning that seven years after application was filed, remand would not be in the best interests of justice).

The remedy that we consider to be in the furtherance of justice is to remand with an approval of CRMC's findings. The CRMC approval with the added condition of breakaway walls does not raise the proposed building beyond the height that the zoning board had previously approved.[5] The ef-

5. In both the plans submitted to the Middletown Zoning Board and those approved by CRMC, the

fect of the CRMC action was to bring the project into accord with state building-code requirements. Since both the state and the municipal requirements have therefore been met, we perceive no legal obstruction to the proposal upon which further review pursuant to § 42–35–15 could prove beneficial.

For the reasons stated, the petition for certiorari is granted. The judgment of the Superior Court is quashed, and the papers of the case are remanded to the Superior Court with our decision endorsed thereon with directions to enter judgment in favor of the petitioners consistent with this opinion.

maximum height of the structure was within the requirements of the 1982 Middletown zoning ordinance and the present zoning ordinance.