[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a decision of the Rhode Island State Labor Relations Board. Jurisdiction in this Superior Court is pursuant to § 42-35-15 R.I.G.L.
On February 5, 1992 by previous Order of this Court, the appeal was remanded to the Labor Relations Board with directions to certify the record of its proceedings as required by statute. That order has now been complied with, and decision on the appeal is now entered.
I
CASE TRAVEL AND FACTS
The Rhode Island Department of Education, Professional Employees Union, Local 2012, A.F.T., AFL-CIO, hereinafter called the Union filed a Unit Clarification Petition with the Rhode Island State Labor Relations Board, hereinafter called theBoard, to have the Board clarify two positions called or referred to as "Associate Producer" and to determine whether or not such positions were included within the Union's certified bargaining unit.
The Board after five formal hearings which extended from October 12, 1988 through February 26, 1990 concluded that at the time of the filing of the Bargaining Unit Clarification Petition by the Union, the two Associate Producer positions, one held by a Ms. Phae Plushner and the other by Ms. Leslie Parks were part of, and included within the certified bargaining unit for purposes of collective bargaining.
The employer, State of Rhode Island, Department of Education, Rhode Island Public Telecommunications Authority, Channel 36; Rhode Island Board of Governors for Higher Education and the Rhode Island Board of Regents for Elementary and Secondary Education, all hereinafter called the plaintiffs have duly filed this appeal from the Board's decision pursuant to §42-35-15 R.I.G.L. and § 28-7 R.I.G.L. It should be noted in passing that §§ 28-7-26 through 28 only permits jurisdiction in this Superior Court in those instances where the Board itself seeks to enforce one of its prior orders. Rhode Island StateLabor Relations Board v. Valley Falls Fire District,505 A.2d 1170, 1172 (1986). § 28-7-29 does however indicate proper jurisdiction in this Superior Court.
II
APPELLATE REVIEW PURSUANT TO G.L. § 42-35-15
General Laws 1956, § 42-35-15, as amended, confers appellate jurisdiction in this Superior Court to review decisions of the various state administrative agencies. The scope of review permitted, however, is limited by that statute. Fundamental in the statute is the basic legislative intention that this Court should not, and cannot, substitute its judgment on questions of fact for that of the respondent agency. Lemoine v. Department ofPublic Health, 113 R.I. 285, 291 (1974). This is so, even in those cases where this Court, after reviewing the certified record and evidence might be inclined to view the evidence differently than did the agency. Cahoone v. Board of Review,104 R.I. 503, 506 (1968). Judicial review on appeal is limited to an examination and consideration of the certified record to determine if there is any legally competent evidence therein to support the agency's decision. If there is such evidence, this Court is required to uphold the agency's factual determinations.Sartor v. Coastal Resources Management Council, 542 A.2d 1077
(1988); Narragansett Wire Co. v. Norberg, 118 R.I. 596, 607 (1977); Prete v. Parshley, 99 R.I. 172, 176 (1965).
Where, however, the findings or conclusions made by an agency are "totally devoid of competent evidentiary support in the record" or by the reasonable inferences that can be drawn therefrom, then the findings made by the agency are not controlling upon this Court. Milardo v. Coastal ResourcesManagement Council, 434 A.2d 266, 270 (1981); Millerick v.Fascio, 384 A.2d 601, 603 (1978); DeStefanis v. Rhode IslandState Board of Elections, 107 R.I. 625, 627, 628 (1970).
The Administrative Procedure Act, G.L. 1956 § 42-35-15,
permits this Court to reverse, modify or remand an agency decision only in those instances where it finds that substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are in violation of constitutional or statutory provisions; or in excess of the statutory authority of the agency, or made upon unlawful procedure, or affected by other error of law, or clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record, or is arbitrary or capricious or characterized by abuse of discretion or by a clearly unwarranted exercise of the agency's discretion.
III
THE BOARD'S DECISION AND ORDER
Consistent with the legislative restraints placed upon this Court's consideration of the Board's decision, this Court cannot substitute its judgment for that of the Board on the factual determinations and findings made by it. § 42-35-15(g); Costav. Registrar of Motor Vehicles, 543 A.2d 1307 (1988). Unless the findings made by the Board are completely bereft of competent evidentiary support in the certified record those findings are binding upon this Court. Sorter v. Coastal Resources ManagementCouncil, 542 A.2d 1077 (1988). In succinct summary, this Court's review is limited to a review of the certified record in order to determine if the Board's findings of fact can be supported by competent probative evidence, or reasonable inferences that can be drawn therefrom. Easton's Point Association v. CoastalResources Management Council, 559 A.2d 633, 636 (1989). If so, then this Court's review is next limited to questions of law.St. Pius X Parish Corp. v. Murray, 557 A.2d 1214, 1218 (1989);Guareno v. Department of Social Welfare, 122 R.I. 583,410 A.2d 425 (1980).
In the record certified here by the Board, there is in that record competent probative evidence to support each of the fourteen findings made by the Board. Plaintiffs contend in this appeal that the Board's conclusion from the evidence that Ms. Plushner and Ms. Parks were in fact Associate Producers and not Production Interns was erroneous. Likewise, error is alleged in the Board's findings which are claimed to violate the so-called doctrine of "accretion" and in the existence of community of interest between the employment scope and duties of Ms. Plushner and Ms. Parks and the other members of the certified collective bargaining unit. Essentially what the plaintiffs argue and contend in their legal memorandum is that the Board viewed the evidence differently than the plaintiffs would have, and that the reasonable inferences drawn from that evidence by the Board were not the same inferences that the plaintiffs would draw from that same evidence. That disagreement is totally understandable, otherwise the appeal would not be here in this Court. One uncontroverted fact results from that disagreement. Both sides can be wrong, but both sides cannot be correct, and where as here, this Court is not permitted to substitute its judgment for that of the Board, this Court must, on the basis of the record evidence, conclude that the Board's findings are the correct ones. Admittedly, the evidence relied upon by the Board does permit contrary inferences to be drawn therefrom, but this Court is prohibited as noted earlier from drawing same. This Court also as noted earlier cannot substitute its judgment on the evidence even though it might be inclined to view that evidence differently than did the Board. Cahoone v. Board of Review,104 R.I. 503, 506 (1968). Accordingly, this Court having concluded that each of the fourteen findings of fact made by the Board can be related to competent probative evidence contained in the certified record, those findings are conclusive upon this Court's review.
With regard to the second area of inquiry necessitated by §42-35-15(g)(1-6), this Court finds from the certified record that no substantial rights of the plaintiffs have been prejudiced because of the Board's findings, inferences or conclusions; that the Board's decision is not in violation of any constitutional or statutory provisions; is not in excess of the statutory authority of the Board; is not made upon unlawful procedure; is not affected by any error of law; is not clearly erroneous in light of the reliable, probative and substantial evidence in the record and is neither arbitrary, capricious or characterized by any abuse or by unwarranted exercise of the Board's discretion.
The plaintiffs' appeal is accordingly denied and dismissed and the Board's decision is affirmed.
Counsel shall within ten (10) days prepare and submit an appropriate judgment for entry by the Court.