June 2, 2022

**Supreme Court**

No. 2020-272-Appeal.
(WC 19-445)

(Dissent begins on Page 23)

Kristin Riley et al.  :

v.  :

The Narragansett Pension Board.  :

NOTICE:  This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email    opinionanalyst@courts.ri.gov,    of    any typographical   or   other   formal   errors   in   order   that corrections may be made before the opinion is published.

Kristin Riley et al.          :

v.                            :

The Narragansett Pension Board.    :

Present:  Suttell, C.J., Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Robinson, for the Court.**  The Narragansett Pension Board (the Board) appeals from a September 28, 2020 judgment of the Washington County Superior Court permanently reinstating plaintiff Matthew Riley's pension.[1]  The Board contends on appeal that Code of Ordinances, Town of Narragansett, Rhode Island, Supp. No. 13, § 58-36 (Sept. 18, 2019) (the pension revocation ordinance),[2] is not unconstitutionally vague; that "this matter should be remanded to the

---

[1]    The plaintiffs are Kristin and Matthew Riley; they are husband and wife.  In order to prevent any confusion, we shall refer to them by their first names.  In so doing, we intend no disrespect.

[2]    We note that Section 58-36 contains the same language in Supplement No. 12 of the Code of Ordinances, Town of Narragansett, Rhode Island (May 9, 2018).

- 1 -

pension board for a rehearing with the newly enacted rules and procedures;" and that, if the issue of the award of attorneys' fees is considered to be ripe for this Court's consideration, the Superior Court's award of attorneys' fees should be vacated.

For the reasons set forth in this opinion, we vacate in part the judgment of the Superior Court.[3]

## I

## Facts and Travel

According to the amended verified complaint filed on January 30, 2020 (the amended complaint), Matthew was a police officer with the Narragansett Police Department for twenty-eight years prior to his retirement in June of 2017. The amended complaint further provided that, on or about October 5, 2017, Matthew was indicted by a federal grand jury for violation of 18 U.S.C. § 1470, which criminalizes knowingly transferring "obscene matter to another individual who has not attained the age of 16 years, knowing that such other individual has not

---

[3] It is important to bear in mind that the Board has appealed only the following portions of the Superior Court's decision: (1) the ultimate determination by the trial justice that the pension revocation ordinance is unconstitutionally vague; (2) the trial justice's failure to remand to the Board for rehearing; and (3) her decision to award attorneys' fees to plaintiffs pursuant to the Equal Access to Justice for Small Businesses and Individuals Act, G.L. 1956 chapter 92 of title 42. The Board did not appeal with respect to any other portions of the judgment at issue, particularly the finding that the Rileys' procedural due process rights had been violated.

attained the age of 16 years * * *." On or about March 15, 2019, he pled guilty to that indictment.

The then-Acting Town Manager and Police Chief in the Town of Narragansett (the Town), Sean Corrigan, sent a letter to Matthew informing him that, at an upcoming meeting of the Board, the Town's solicitor would "present a request of the pension board to enact the provisions of Town Ordinance Sec. 58-36 entitled Benefits Forfeited * * *." In due course, the Board ultimately held a hearing on August 14, 2019 to determine whether or not to revoke Matthew's pension under the pension revocation ordinance. The pension revocation ordinance provides, in pertinent part, as follows:

> "Any member who, at or after retirement, is found guilty by the pension board of misfeasance or malfeasance during service with the town and who, but for retirement, would have been discharged or removed from such service therefore shall not be entitled to a retirement allowance under this section." Section 58-36.

As discussed in more depth *infra*, the trial justice found that numerous procedural due process violations occurred during that August 14, 2019 hearing. The Board ultimately voted at the close of the hearing to revoke Matthew's pension benefits.[4]

---

[4] It is of note that, during the course of the hearing, the Rileys' counsel made it clear that, in his opinion, Kristin was an innocent spouse and therefore was "capable of receiving [the] pension under the law."

On August 27, 2019, the Rileys filed a verified complaint (the initial complaint) in the Superior Court. In that complaint, they sought review, pursuant to G.L. 1956 § 36-10.1-5,[5] of the decision of the Board to revoke Matthew's pension and to "deny Kristin's right to all or a portion of Matthew's pension as an innocent spouse" (Count One). The initial complaint further included the following counts: (1) a count alleging violation of the Rileys' due process rights (Count Two); (2) a count seeking a declaratory judgment to the effect that the pension revocation ordinance required that any "misfeasance or malfeasance be in connection with the individual's job" and that Kristin was "entitled to all or a portion of Matthew's pension benefits as an innocent spouse" (Count Three); (3) a count seeking injunctive relief (Count Four); and (4) a count seeking an award of attorneys' fees pursuant to the Equal Access to Justice for Small Businesses and Individuals Act, G.L. 1956 chapter 92 of title 42 (EAJA) (Count Five). In their initial complaint, the Rileys sought a temporary restraining order and further sought preliminary and permanent injunctions "enjoin[ing] the defendant from carrying forth its decision to revoke the Rileys' pension benefits until such time

_____

[5] General Laws 1956 § 36-10.1-5 provides as follows:

> "The superior court shall have jurisdiction to review any decisions, appeals, or other proceedings initiated pursuant to any municipal ordinance providing for the revocation or reduction of the pension of any municipal employee for circumstances constituting dishonorable service as defined by municipal ordinances."

that this court has an opportunity to review and decide the allegations set forth in [the] complaint."

A hearing with respect to the request for a preliminary injunction was held before the trial justice on September 18, 2019. At the outset of the hearing, plaintiffs suggested that, pursuant to Rule 65(a)(2) of the Superior Court Rules of Civil Procedure,[6] the hearing be consolidated with a trial on the merits. The trial justice agreed with that suggestion, although she indicated that the attorneys' fees issue would be decided at a separate hearing, if necessary. It is also of note that at that hearing, the Board stated that, if there were any "procedural defects" in the proceeding before the Board, then the case should be remanded to the Board rather than having the trial justice simply reverse the Board's decision.

After that September 18 proceeding, on November 4, 2019, the trial justice issued an initial bench decision, in which she granted the preliminary injunction. She also directed both parties to provide her with supplemental memoranda regarding the constitutionality of the pension revocation ordinance.

In due course, the parties submitted memoranda addressing the constitutionality of the pension revocation ordinance; and, on January 30, 2020, the Rileys filed the amended complaint, which added a count contending that the

---

[6]     Rule 65(a)(2) of the Superior Court Rules of Civil Procedure provides in pertinent part that, "[b]efore or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application."

pension revocation ordinance was unconstitutional and void for vagueness (Count Six).

**A**

**The Trial Justice's Decision on Plaintiffs' Procedural Due Process Claims and on the Constitutionality of the Pension Revocation Ordinance**

On June 10, 2020, the trial justice issued a lengthy written decision, concluding that the Board had violated the Rileys' due process rights in several respects and declaring the pension revocation ordinance to be unconstitutionally vague. Accordingly, she reversed the decision of the Board and ordered the permanent reinstatement of Matthew's pension.

With respect to the issue of procedural due process—*i.e.*, whether or not plaintiffs had been provided with notice and an opportunity to be heard—the trial justice began by holding that Matthew had a protected property interest in his pension. *See Mathews v. Eldridge*, 424 U.S. 319, 348 (1976) ("The essence of due process is the requirement that a person in jeopardy of serious loss [be given] notice of the case against him and opportunity to meet it.") (internal quotation marks omitted). She then held that the letter sent to Matthew from the then-Acting Town Manager and Police Chief was constitutionally insufficient notice because it was not sent by the Board but by the then-Acting Town Manager and Police Chief, who eventually appeared before the Board as a witness at the hearing concerning the possible revocation of Matthew's pension. The trial justice noted that the letter

- 6 -

also failed to advise Matthew of the basis of the Town's potential action or indeed what the Town intended to do—*viz.*, to seek to have his pension revoked. She added that the letter did not specify what would be the burden of proof at the hearing, which would enable the Rileys "to prepare an adequate defense."

The trial justice then turned to whether or not plaintiffs had been given an opportunity to be heard. *See Mathews*, 424 U.S. at 348. She stated that the Board "was required to provide Plaintiffs with an impartial evidentiary hearing and an opportunity to present their case and confront adverse witnesses before making its determination;" and she then held that the Board had failed to do so. She stated that, at the hearing before the Board, there was a "complete lack of procedure and protocol" and that the record was "riddled with statements by Pension Board members indicating their lack of knowledge of the nature and legal purpose of the hearing and its protocol." The trial justice also noted that the Board "denied Mrs. Riley her opportunity to present evidence in support of her position" to the effect that she was entitled to some portion of her husband's pension as an innocent spouse.

The trial justice went on to state that the due process violations at the hearing before the Board also consisted of the following: (1) Board members "were provided potentially relevant documents for their review and consideration before the pension revocation hearing;" (2) the Town failed to present its case at

the hearing; (3) the Assistant Solicitor performed conflicting roles, acting as both an advisor to the Board and as the presenter of the Town's case to the Board; (4) certain Board members and the Assistant Solicitor made remarks indicating their bias against Mr. Riley; (5) the "pension revocation hearing was tainted from the start" with a statement by a member of the Town Council (which body appoints members of the Board), in which that member told the Board that the Town Council had "already weighed in" and that the Board could not "supersede the Town Council;" (6) plaintiffs were denied the opportunity to cross-examine that member of the Town Council; and (7) the Board's decision revoking Matthew's pension was "not supported by findings of fact and conclusions of law."

The trial justice also specifically referenced the evidence before the Board, stating that the Board relied upon inadmissible hearsay evidence in reaching its decision. According to the trial justice's decision, three exhibits were entered at the hearing before the Board—"a memorandum by Major Fleming of the Rhode Island [State] Police Department to Colonel Manni detailing the federal case against Mr. Riley; a memorandum from Acting Town Manager and Police Chief Sean Corrigan to the Pension Board regarding Mr. Riley's conviction; and a print-out from the federal PACER website offered as proof of Mr. Riley's conviction." She noted that Major Fleming's memorandum referenced reports made by other

individuals and that neither Major Fleming nor the other individuals were made available for plaintiffs to cross-examine.

The trial justice concluded the portion of her decision relating to procedural due process by stating that the Board's decision had been a "foregone conclusion" and that the "Board was not impartial."[7]

The trial justice faulted the Board for failing to make findings of fact or to state conclusions of law supporting its decision. Nevertheless, she proceeded to address the constitutionality of the pension revocation ordinance in spite of the absence of such findings or conclusions. She stated that she would examine the ordinance as applied to Matthew; but she then stated that, because the pension revocation ordinance was penal in nature, she would "apply a heightened standard

---

[7] We reiterate that the Board appealed only the following: (1) the ultimate determination by the trial justice that the pension revocation ordinance is unconstitutionally vague; (2) the trial justice's failure to remand to the Board for rehearing; and (3) the trial justice's decision to award attorneys' fees to plaintiffs pursuant to the EAJA. The Board *did not* appeal from the trial justice's determination that plaintiffs' procedural due process rights were violated. Consequently, we provide only those details with respect to the litigation of the procedural due process violations as are relevant to the contentions before us.

However, we take this opportunity to express our dismay and deep concern with respect to how such profoundly unfair and blatant due process violations were allowed to occur. It is a fundamental principle of constitutional jurisprudence that every citizen being deprived of a property interest has the right to notice and an opportunity to be heard; it is abundantly clear from the record before us that the Board utterly failed to provide the Rileys with either. *See Mathews v. Eldridge*, 424 U.S. 319, 348 (1976) ("The essence of due process is the requirement that a person in jeopardy of serious loss [be given] notice of the case against him [or her] and opportunity to meet it.") (internal quotation marks omitted).

- 9 -

of review." She ultimately held that the ordinance did not pass "constitutional muster" because it was "unclear what conduct would prompt a pension revocation hearing and subject a public servant to the revocation of his or her pension."

The trial justice then specifically addressed the term "misfeasance or malfeasance" in the pension revocation ordinance, holding that that language would leave "an ordinary person wondering what kind of conduct—specifically, job related or otherwise—could result in the revocation of his or her pension." Next, she addressed the "service with the town" language in the pension revocation ordinance and determined that that language created "ambiguity concerning whether the public servant's act must be related to his employment or [be] an act either unrelated to his service or independent of his employment." Lastly, she discussed the "discharged or removed from service" language in the pension revocation ordinance. She stated that the pension revocation ordinance "lack[ed] standards, or factors, that the Pension Board could objectively consider in determining whether a public servant unfaithfully discharged his or her duties such as to trigger a pension revocation" and that the "discharged or removed from service" language led the Board to enforce the ordinance in an "arbitrary and discriminatory manner * * *."[8]

---

[8] The trial justice also commented that the Board "should have allowed Mrs. Riley an opportunity to present her case with respect to her interest in her

- 10 -

Accordingly, the trial justice concluded that the Board had violated the Rileys' due process rights, and she declared the pension revocation ordinance to be unconstitutionally vague. She reversed the decision of the Board and ordered the permanent reinstatement of Matthew's pension.

**B**

**The Award of Attorneys' Fees**

On July 13, 2020, plaintiffs moved for an award of attorneys' fees and noted in their motion that the parties had agreed that "if the Court should grant plaintiffs' motion for attorneys' fees, the fair and reasonable amount of said fees for the work performed and the related expenses for services rendered through July 7, 2020, total $27,135.42." The Board objected to the motion for an award of attorneys' fees. A hearing on the issue was held on September 1, 2020.

At the close of the September 1, 2020 hearing, the trial justice rendered a bench decision with respect to attorneys' fees. She held that, due to the procedural due process violations at the hearing before the Board, plaintiffs were entitled to attorneys' fees under the EAJA. Specifically, she held that the Board was not "substantially justified" in its conduct of the proceedings before it and that there were no special circumstances that would make an award of attorneys' fees unjust.

husband's pension," but she added that she did not consider it necessary to reach the merits of that issue.

- 11 -

On September 15, 2020, an order entered granting plaintiffs' request for attorneys' fees in the amount of $27,135.42, with an additional $2,030 for the prosecution of the motion for attorneys' fees. On September 28, 2020, judgment entered consistent with the trial justice's written decision with respect to procedural due process and the constitutionality of the pension revocation ordinance as well as the court's order concerning the award of attorneys' fees. The Board filed a timely notice of appeal on October 6, 2020.

## II

## Analysis

## A

## The Constitutionality of the Pension Revocation Ordinance

### 1. Standard of Review

We have stated that "[i]t is well settled that, with respect to the ultimate decision by a trial justice to grant or deny declaratory relief, our standard of review is deferential." *Bruce Brayman Builders, Inc. v. Lamphere*, 109 A.3d 395, 397 (R.I. 2015) (internal quotation marks omitted). That being said, "a trial justice's discretion to grant or deny declaratory relief is not absolute and is subject to appropriate appellate review." *Id.* (internal quotation marks omitted); *see also Sullivan v. Chafee*, 703 A.2d 748, 751 (R.I. 1997). "Accordingly, we review a trial justice's ruling in the declaratory judgment context with an eye to whether the

- 12 -

court abused its discretion, misinterpreted the applicable law, overlooked material facts, or otherwise exceeded its authority." *Bruce Brayman Builders, Inc.*, 109 A.3d at 397 (internal quotation marks omitted); *see also Rhode Island Republican Party v. Daluz*, 961 A.2d 287, 294 (R.I. 2008).

To the extent that we need to interpret the pension revocation ordinance to reach our ultimate conclusion, we bear in mind that "[w]hen interpreting an ordinance, we employ the same rules of construction that we apply when interpreting statutes," and "it is a fundamental principle that this Court reviews questions of statutory interpretation in a *de novo* manner." *State ex rel. City of Providence v. Auger*, 44 A.3d 1218, 1226 (R.I. 2012) (internal quotation marks omitted). We begin our review of a challenge to an ordinance "with a presumption that the enactment is constitutional." *Id.*; *see also State ex rel. Town of Westerly v. Bradley*, 877 A.2d 601, 605 (R.I. 2005). What is more, we "will attach every reasonable intendment in favor of * * * constitutionality in order to preserve the statute." *State v. Allen*, 68 A.3d 512, 516 (R.I. 2013) (internal quotation marks omitted); *see also Gem Plumbing & Heating Co., Inc. v. Rossi*, 867 A.2d 796, 808 (R.I. 2005). "When a party contests the constitutionality of a statute, that party has the burden of proving beyond a reasonable doubt that the challenged enactment is unconstitutional." *Allen*, 68 A.3d at 516 (internal quotation marks omitted); *see also Bradley*, 877 A.2d at 605.

## 2.  Discussion

The Board contends on appeal that the pension revocation ordinance should be evaluated "as applied to the defendant's specific alleged conduct * * *."  The Board specifically states that the trial justice took into account only "abstract facts, rather than focusing on Riley's specific criminal conduct."[9]  As before, the Board seeks remand; it further posits that the case "should be remanded to the * * * Board for a rehearing with the [Board's] newly enacted rules and procedures," stating that "the appropriate due-process-violations' remedy in this matter should plainly have been remand rather than pension-reinstatement * * *."

We have stated that "[i]t is a well-established principle of due process 'that an enactment is void for vagueness if its prohibitions are not clearly defined.'"  *Auger*, 44 A.3d at 1232 (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972)).  The jurisprudence that controls a void for vagueness analysis "emanates from the due process requirements that a law must be defined '[1] with sufficient definiteness that ordinary people can understand what conduct is prohibited and [2] in a manner that does not encourage arbitrary and discriminatory

---

[9]    The Board makes further appellate arguments with respect to errors it contends that the trial justice made in interpreting particular words in the pension revocation ordinance.  Specifically, it contends that she erred in her interpretation of the following language: (1) "misfeasance or malfeasance;" (2) "during service with the town;" and (3) "discharged or removed from service."  Given our holding in this case (*see infra*), we need not elaborate upon those contentions.

enforcement.'"[10]  *Id.* at 1233 (quoting *Kolender v. Lawson*, 461 U.S. 352, 357 (1983)); *see Skilling v. United States*, 561 U.S. 358, 412 (2010); *see also Kaveny v. Town of Cumberland Zoning Board of Review*, 875 A.2d 1, 10 (R.I. 2005) ("A statute is unconstitutionally vague if it compels a person of average intelligence to guess and to resort to conjecture as to its meaning and/or as to its supposed mandated application.") (internal quotation marks omitted).

Indeed, "because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he [or she] may act accordingly." *Grayned*, 408 U.S. at 108; *see also Auger*, 44 A.3d at 1233. A vague law "may trap the innocent by not providing fair warning." *Grayned*, 408 U.S. at 108. What is more, "if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them." *Id.*

Significantly, we have also clearly held that "'[v]agueness challenges to statutes not threatening First Amendment interests are examined in light of the

---

[10]    We note that the United States Supreme Court has stated that "[t]he degree of vagueness that the Constitution tolerates—as well as the relative importance of fair notice and fair enforcement—depends in part on the nature of the enactment." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498 (1982); *see also Fitzpatrick v. Pare*, 568 A.2d 1012, 1013 (R.I. 1990). Additionally, "[t]he [Supreme] Court has also expressed greater tolerance of enactments with civil rather than criminal penalties because the consequences of imprecision are qualitatively less severe." *Village of Hoffman Estates*, 455 U.S. at 498-99; *see also Fitzpatrick*, 568 A.2d at 1013.

facts of the case at hand; the statute is judged on an as-applied basis.'"[11] *Narragansett Indian Tribe v. State*, 110 A.3d 1160, 1164 (R.I. 2015) (quoting *Maynard v. Cartwright*, 486 U.S. 356, 361 (1988)); *see United States v. Mazurie*, 419 U.S. 544, 550 (1975) ("It is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand.").

After careful consideration of the trial justice's decision in this case, we reach the ineluctable conclusion that, despite the fact that the trial justice stated that she would examine the pension revocation ordinance "as applied to Mr. Riley," that is simply not what she did. She did not address or discuss how the language of the pension revocation ordinance would apply to Matthew's particular factual situation. Rather, she analyzed the ordinance in a considerably more general and abstract manner, without focusing on the context of the instant case. For that reason, we are obliged to vacate the trial justice's judgment declaring that the pension revocation ordinance was unconstitutionally vague.

However, we are unable, on the state of the record before us, to conduct the requisite as-applied review of the pension revocation ordinance—nor, for the same reason, do we believe that the trial justice would be able to do so on this record. It is abundantly clear from even a cursory review of the record that, in addition to

---

[11] We note that there are no issues raised in this case which implicate the First Amendment.

- 16 -

committing a myriad of other procedural due process violations, the Board most unfortunately failed to make any findings of fact or conclusions of law to support its decision in this case. Indeed, the trial justice ruled that the Board's decision was "void of any competent evidence." What is more, the trial justice also ruled that at least some portion of the evidence before the Board was inadmissible hearsay and that the Board did not permit the Rileys to confront and cross-examine adverse witnesses. Therefore, we are left with no competent factual findings on which to base an as-applied analysis of the constitutionality of the pension revocation ordinance.

For that reason (and given the trial justice's holding with respect to the procedural due process violations by the Board, which holding has not been contested before us), it is our view that, rather than reversing the Board's decision as the trial justice did, it would be more appropriate for this case to be remanded, pursuant to G.L. 1956 § 42-35-15(g)[12] as well as in the interests of justice, as remand affords all parties the opportunity to have meaningful review. *See, e.g.,* *Kaveny*, 875 A.2d at 9 (vacating the decision of a zoning board and remanding the case for further proceedings because the zoning board had failed to make factual

---

[12] The decision of the Board was appealed pursuant to G.L. 1956 § 36-10.1-5, but the standard of review set forth in the Administrative Procedures Act—G.L. 1956 § 42-35-15(g)—is applicable. *See Retirement Board of Employees' Retirement System of City of Providence v. Corrente*, 174 A.3d 1221, 1234 (R.I. 2017).

findings supporting its conclusions); *cf. Kyros v. Rhode Island Department of Health*, 253 A.3d 879, 887-88 (R.I. 2021) (holding that a remand would not "further the interest of justice" due to the length of the delay and the fact that a remand would not "produce new information that could cure the deficiency of the Board's decision"); *Easton's Point Association, Inc. v. Coastal Resources Management Council*, 559 A.2d 633, 636 (R.I. 1989) (stating that the Court did not "believe that a remand of [that] case would further the interests of justice * * * [s]ince the facts and issues have been fully developed and clarified" and further stating that "[i]t is now incumbent upon this Court to determine what remedy will do justice in light of the substantial interests involved"). On remand, it will be necessary for the Board to conduct a *de novo* hearing, after which it should make findings of fact and determine, based on those factual findings, whether or not Matthew falls within the scope of the pension revocation ordinance. That hearing must comport with the new rules and procedures subsequently promulgated by the Board as well as *all* of the recognized requirements of due process.

# B

## Attorneys' Fees Pursuant to the EAJA

### 1. Standard of Review

We have stated that "[w]e review the trial justice's [grant or] denial of the motion for reasonable litigation expenses under the [EAJA], as a question of law, *de novo*." *Rollingwood Acres, Inc. v. Rhode Island Department of Environmental Management*, 212 A.3d 1198, 1205-06 (R.I. 2019) (internal quotation marks omitted). However, we do give deference to findings of fact that may be relevant to a claim for an award of attorneys' fees under the EAJA. *See id.* at 1206 ("Because the question of fee determination is necessarily intertwined with the [underlying] agency decision[,] * * * we accord deference to the findings of fact in the agency's decision.") (internal quotation marks omitted).

### 2. Discussion

The EAJA provides in pertinent part as follows:

> "[I]n order to encourage individuals and small businesses to contest unjust actions by the state and/or municipal agencies, the legislature hereby declares that the financial burden borne by these individuals and small businesses should be, in all fairness, subject to state and/or municipal reimbursement of reasonable litigation expenses when the individual or small business prevails in contesting an agency action, which was *without*

*substantial justification.*" Section 42-92-1(b) (emphasis added).[13]

On appeal, the Board contends that, despite the fact that it appealed the award of attorneys' fees in this case, that issue actually is not ripe for this Court to consider. It contends that "if this Court agrees with the Pension Board, reverses the Superior Court's finding of unconstitutional vagueness, and remands this matter for further consideration, the issue of attorney fees will be reset." The Board then proceeds to contend that, if the Court were to find that the attorneys' fees issue is ripe, the award of attorneys' fees should be vacated because "the Town certainly was substantially justified in seeking to revoke Riley's pension" and an award of attorneys' fees to the Rileys would be unjust.

With respect to the ripeness issue, the Rileys argue that the award of attorneys' fees is ripe for consideration, contending that, on the basis of the trial justice's determination that the Rileys' due process rights were violated, they should be entitled to attorneys' fees "irrespective of a final determination" with respect to the constitutionality of the pension revocation ordinance. They further posit that the award of attorneys' fees should be upheld because the Board was without substantial justification for its actions at the hearing before the Board.

---

[13]  "'Substantial justification' means that the initial position of the agency, as well as the agency's position in the proceedings, has a reasonable basis in law and fact." Section 42-92-2(7).

- 20 -

We have "long * * * recognized the need, apart from certain exceptional circumstances, to confine judicial review only to those cases that present a ripe case or controversy." *City of Cranston v. Rhode Island Laborers' District Council, Local 1033*, 960 A.2d 529, 533 (R.I. 2008). Moreover, we have explained that "[a]s a general rule, a claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *State v. Gaylor*, 971 A.2d 611, 614 (R.I. 2009) (quoting *Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568, 580-81 (1985)).

We are of the decided opinion, after considering the contentions of the parties and the record before us, that the award of attorneys' fees is not ripe for review given our holding that this case must be remanded to the Board for a new hearing which comports with due process. This case is not over; events may ensue on remand which affect the attorneys' fees issue. For that reason, the issue of attorneys' fees is not ripe for review in the context of this case, and we shall not address it at this juncture.[14]

---

[14] We note that this Court ordered the parties to address in their briefs "whether the award of attorneys' fees is properly before this Court on appeal in light of this Court's decision in *Tarbox v. Zoning Board of Review of the Town of Jamestown*, 142 A.3d 191 (R.I. 2016)." The Board and the Rileys have set forth arguments in their respective briefs as to whether the award of attorneys' fees should be reviewed on appeal or whether a writ of certiorari should have been sought. Given the concession of the Board in its brief that the attorneys' fees issue is not ripe and our agreement with that position, we need not address the appropriate avenue through which the Board should have sought review of the award of attorneys' fees

## C

## The Innocent Spouse Issue

In its brief before this Court, the Board discusses why, in its view, it is not vested with the power to award pension benefits to an innocent spouse. The Rileys, in response, contend that the issue is not properly before this Court.

The trial justice declined to declare that Kristin was entitled to innocent spouse benefits due to the fact that she had decided to order reinstatement of Matthew's pension in its entirety. Given our holding that this case should be remanded to the Board for a new hearing, it is clear that the issue of Kristin's possible entitlement to innocent spouse pension benefits remains an open question, not ripe for this Court's review. *See Gaylor*, 971 A.2d at 614.

## III

## Conclusion

For the reasons set forth in this opinion, we vacate in part the judgment of the Superior Court and remand the case to the Superior Court with instructions that it remand the case to the Board for a new hearing in accordance with this opinion. The record may be returned to the Superior Court.

---

under the EAJA in this case. *See Grady v. Narragansett Electric Co.*, 962 A.2d 34, 42 n.4 (R.I. 2009) (referencing "our usual policy of not opining with respect to issues about which we need not opine"). In addition, we note that we have recently decided a substantially similar legal issue in a separate case. *See Preston v. Town of Hopkinton*, 269 A.3d 761, 762-63 (R.I. 2022) (mem.).

Justice Goldberg did not participate.


      **Justice Lynch Prata, dissenting.**  I respectfully dissent from that portion of the majority's opinion in which it remands this matter to the Narragansett Pension Board (the board) for a new hearing.  The trial justice appropriately found that the plaintiffs' rights were substantially prejudiced by the board and, utilizing her discretion, reversed the board's decision.

      As recognized by the majority, the Superior Court's review of an administrative decision is governed by the Administrative Procedures Act, G.L. 1956 chapter 35 of title 42 (the APA).  Section 42-35-15(g) confers upon the Superior Court the authority to (1) affirm the decision of the agency; (2) remand the case for further proceedings; *or* (3) "reverse or modify the decision if substantial rights of the appellant have been prejudiced[.]" *McAninch v. State of Rhode Island Department of Labor and Training*, 64 A.3d 84, 87 (R.I. 2013) (quoting § 42-35-15(g)).  Although the APA provides the Superior Court with "a broad grant of power * * * to remand," *Champlin's Realty Associates v. Tikoian*, 989 A.2d 427, 449 (R.I. 2010) (quoting *Lemoine v. Department of Mental Health, Retardation and Hospitals*, 113 R.I. 285, 290, 320 A.2d 611, 614 (1974)), it in no way mandates that a trial justice remand a matter to the administrative agency.

Rather, the plain and unambiguous language of the APA provides the trial justice with the discretion to choose among remedies, and this Court will affirm that decision if "the trial justice was legally justified in * * * reversing the agency's order." *Kyros v. Rhode Island Department of Health*, 253 A.3d 879, 885 (R.I. 2021) (quoting *Endoscopy Associates, Inc. v. Rhode Island Department of Health*, 183 A.3d 528, 532 (R.I. 2018)).

The legal justifications for reversal are expressly delineated in the APA, and reversal is warranted if the administrative findings, inferences, conclusions, or decisions are

> "(1) In violation of constitutional or statutory provisions;
> "(2) In excess of the statutory authority of the agency;
> "(3) Made upon unlawful procedure;
> "(4) Affected by other error of law;
> "(5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
> "(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
> Section 42-35-15(g).

Here, it is undisputed that the board violated plaintiffs' constitutional right to due process. The trial justice specifically found that the board's decision "was a foregone conclusion" because the board was not impartial, and that the "biased and haphazard proceeding" implemented by the board deprived plaintiffs of constitutionally guaranteed procedural safeguards.

My review of the record similarly reveals that the proceedings before the board were nothing more than a pretense, replete with violations of plaintiffs' constitutional rights, not the least of which occurred at the inception of the hearing when a town council member made a statement to the board before the board had received any evidence. The town council member, in not-so-veiled terms, directed the board to revoke Matthew Riley's pension by telling the board members that the town council "appoint[s] you," and "expect[s] you to follow the law * * *." The town council member proceeded to inform the board that the town council had "already weighed in on this[,]" and that the decision was "a black and white decision; there is no gray." When counsel for plaintiffs requested to cross-examine the town council member regarding her statement, his request was flatly refused.

Because of the egregious violations that took place before the board, the trial justice ultimately adjudged that the board "violated the due process rights of the plaintiffs." As the majority states, the board did not appeal that finding. Thus, it is undisputed that the board violated plaintiffs' procedural due process rights and reversal is warranted because the administrative findings are "[i]n violation of constitutional * * * provisions[.]" Section 42-35-15(g)(1).

The majority itself concludes that the board committed "a myriad of * * * procedural due process violations[.]" In light of this damning finding, I am hard-pressed to see how the majority can proceed to conclude that the trial justice's

- 25 -

decision to reverse the board's determination was not supported by legally competent evidence. The record reveals that a member of the board stated that he spent "[t]hree minutes of Googling" that led him to "have issues with the due process of" the proceedings. Nevertheless, the board proceeded with the hearing and the acting chairman stated, "We're not a court of law." The board certainly proved that to be the case by the numerous evidentiary and due process violations it committed. In my opinion, remand is futile. *See Kyros*, 253 A.3d at 886 (holding that remand to the administrative agency would be futile where the trial justice found that the record was devoid of any competent evidence to support the agency's decision that a doctor was not clinically competent).

Indeed, this is not a case where the *only* error committed by the board was deficiencies in the record. *See Banki v. Fine*, 224 A.3d 88, 99 (R.I. 2020) (noting that "remand to the agency is the appropriate remedy for curing deficiencies in the record"). That is not to say that the record before this Court is not deficient, given the majority's conclusion that the board "failed to make *any* findings of fact or conclusions of law to support its decision * * *." (Emphasis added.) However, beyond that, grave constitutional violations were committed by the board. The APA grants to the trial justice the authority to reverse an agency's decision upon a finding that certain violations occurred, and that is exactly what the trial justice did in this case. She found that the board's decision "was void of any competent

- 26 -

evidence, was based on unlawful procedure, was arbitrary and capricious, and violated the due process rights of the plaintiffs." Each of these findings is a specifically enumerated reason that warrants reversal of the board's decision under the APA. *See* § 42-35-15(g).

In light of this, I do not believe that remand will further the interests of justice. *See Kyros*, 253 A.3d at 887 (affirming the trial justice's decision not to remand a matter for further proceedings because "[a]llowing defendants to continue to stonewall Dr. Kyros' return to the practice of medicine will not further the interests of justice"); *Easton's Point Association, Inc. v. Coastal Resources Management Council*, 559 A.2d 633, 636 (R.I. 1989) (holding that remand would not "further the interests of justice" because to allow remand would "prejudice the right of petitioners to a final adjudication of their petition within a reasonable period"). Although I recognize the severity of Matthew's crime, he cannot be deprived of "property without due process of law[.]" R.I. Const., art. 1, § 2. As such, Matthew was unequivocally entitled to "the safeguard of due process" in the proceedings before the board. *Smith v. Retirement Board of Employees' Retirement System of State of Rhode Island*, 656 A.2d 186, 190 (R.I. 1995).

For these reasons, it is clear that the APA gives the trial justice discretion to reverse the board's decision upon certain findings. Given the distressing due process violations and other errors committed by the board, this is certainly not the

case in which we should deprive the trial justice of that discretion.  Therefore, I respectfully dissent.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Kristin Riley et al. v. The Narragansett Pension Board. |
| **Case Number** | No. 2020-272-Appeal.<br>(WC 19-445) |
| **Date Opinion Filed** | June 2, 2022 |
| **Justices** | Suttell, C.J., Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Washington County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Sarah Taft-Carter |
| **Attorney(s) on Appeal** | For Plaintiffs:<br><br>Joseph F. Penza, Jr., Esq. |
| | For Defendant:<br><br>Aaron L. Weisman, Esq. |